RUTH H. BARRY vs. FRANCIS E. BARRY.

Essex. January 9, 1991. - April 9, 1991.

Present: LIACOS, C.J., WILKINS, NOLAN, O'CONNOR & GREANEY, JJ.

*Divorce and Separation,* Separation agreement, Modification of judgment,
Findings, Reopening of proceedings, Alimony. *Contract,* Separation
agreement.

In the circumstances of a divorce proceeding brought under G. L. c. 208,
§ 1B, in which the parties had entered into a separation agreement pro-
viding that it would survive the judgment of divorce and that its provi-
sions for alimony would be forever binding on the parties, the absence
of an explicit finding by the judge who granted the divorce in 1982 that
the separation agreement was fair and reasonable did not warrant a
reconsideration of that issue on the basis of the wife's 1988 complaint
for modification of the provision for spousal support in the separation
agreement. [731-733]

COMPLAINT for divorce filed in the Essex Division of the
Probate and Family Court Department on January 19, 1981.
    A complaint for modification, filed on January 22, 1988,
was heard by *William Highgas, Jr.,* J., and the case was re-
ported by him to the Appeals Court. The Supreme Judicial
Court transferred the case on its own initiative.
    *Jack L. Altshuler (Dennis P. Derrick* with him) for Fran-
cis E. Barry.
    *Louis J. Muggeo* for Ruth H. Barry.
    *Debra Rahmin Silberstein,* for Older Women's League of
Greater Boston, amicus curiae, submitted a brief.
    WILKINS, J. In May, 1982, a judge of the Probate and
Family Court granted the defendant Francis E. Barry (hus-
band) a divorce nisi from the plaintiff Ruth H. Barry (wife)
under G. L. c. 208, § 1B (1988 ed.), on the ground of an
irretrievable breakdown of the marriage. The parties had en-
tered into a separation agreement that provided that it would

survive the judgment of divorce and that its provisions for alimony would be forever binding on the parties. That agreement was incorporated in, but not merged into, the judgment of divorce nisi.

In January, 1988, the wife filed a complaint for modification of the provision for spousal support in the separation agreement. She claimed that the separation agreement had not been fair and reasonable and that the judge who granted the judgment nisi had failed to make an independent finding that it was.[1] The husband responded that he was entitled to specific performance of the agreement, relying on *Knox* v. *Remick*, 371 Mass. 433 (1976). In that case, we said that, "[i]f a judge rules, either at the time of the entry of a judgment nisi of divorce or at any subsequent time, that the agreement was not the product of fraud or coercion, that it was fair and reasonable at the time of entry of the judgment nisi, and that the parties clearly agreed on the finality of the agreement on the subject of interspousal support, the agreement concerning interspousal support should be specifically enforced, absent countervailing equities." *Id.* at 436-437.

The judge in this case found that the judge who granted the divorce nisi had examined the separation agreement and had conducted a colloquy with the parties and their then counsel. The trial judge assumed that the judge who granted the divorce had found by implication that the separation agreement was fair and reasonable. The trial judge ruled, however, that the judge had made no independent finding of the fairness and reasonableness of the separation agreement, a finding which, in the trial judge's view, was required by *Slaughter* v. *McVey*, 20 Mass. App. Ct. 768 (1985), and *Dominick* v. *Dominick*, 18 Mass. App. Ct. 85 (1984), both of which were decided after the judgment of divorce nisi was entered in this case. In his view, the implication of such a finding was not sufficient to bar him from considering the

---

[1]She advanced other challenges which the judge rejected. They are not involved in this appeal. Those challenges were that there was fraud and coercion at the time of execution of the agreement and the divorce and that she was at risk of becoming a public charge.

fairness and reasonableness of the separation agreement on the wife's request.

The trial judge then considered the fairness and reasonableness of the separation agreement as of the date of the divorce nisi and, in a carefully reasoned and thorough memorandum, concluded that, alone among the agreement's provisions, the allowance for alimony had not been fair and reasonable. The judge concluded that a redetermination of the alimony award was needed, that he had inadequate evidence bearing on the amount of alimony to award, and that he should hold a further hearing. Shortly thereafter, the judge reported to the Appeals Court the propriety of his interlocutory ruling that he could properly reconsider the matter of alimony. G. L. c. 215, § 13 (1988 ed.). We transferred the case here on our own motion.

At this point, we set forth the circumstances of the separation agreement and its approval by the judge who granted the divorce. At the time of the divorce, the parties had been married thirty-five years. The husband was fifty-nine years old, and the wife, who had not been formally employed during the marriage, was fifty-eight years old. Each was represented by competent and skilled counsel. The husband's gross weekly salary, earned as a physician in private practice, was $1,500. The agreement provided that, while each was alive and the wife not remarried, the husband would pay weekly alimony of $462 for the first year and $366 for each week thereafter until August 5, 1987, at which time the husband would attain the age of sixty-five. He was obligated during this initial period to carry life insurance payable to the wife on his death and, if he incurred no additional expense in doing so, medical insurance under his current medical insurance coverage. At the time the husband became sixty-five years old, all such obligations were to cease.[2]

---

[2] In the distribution of assets the wife received mortgage-free condominiums in Florida and Danvers, a single annuity payment of about $7,000, and household furnishings. On the valuations presented by the husband, the wife received about $250,000 in assets and he about $210,000. Neither party had had any real estate or the husband's pension or profit sharing

Although the judge who granted the divorce examined the agreement and talked to the parties and their counsel, we have no transcript of what was said. The judge who reported this case accepted as true certain uncontroverted facts that the wife presented in an affidavit. She said that, after looking at the agreement, the judge had asked her what she was going to do about health insurance when her husband became sixty-five years old, that she had replied that she would probably go on welfare or Medicaid, and that, when the judge asked her whether the agreement was fair and reasonable, she had not responded.

The trial judge was correct in concluding that the husband could use the spousal support provisions of the separation agreement as a bar to the wife's attempt to modify its spousal support allowance only if, among other things, a judge ruled at some time that the agreement was fair and reasonable. See *Knox* v. *Remick, supra.*

He was also correct in ruling that in a G. L. c. 208, § 1B, divorce, just as in a G. L. c. 208, § 1A (1988 ed.), divorce, the judge should make a ruling at the time of the divorce that the agreement is fair and reasonable. Section 1A involves an agreement by the parties that "an irretrievable breakdown of the marriage exists" and the filing of a notarized separation agreement. The judge must find that the separation agreement has made "proper provisions" for alimony and other matters.[3] Section 1B concerns a divorce on the ground of irretrievable breakdown of the marriage without an agreement by the parties to that effect or a separation agreement. The judge granting such a divorce must enter "appropriate" orders for alimony and as to other matters. If, prior to the entry of judgment, the parties file a statement agreeing that the marriage has irretrievably broken down and also file a separation agreement, § 1B provides that the

---

plans appraised. No valuation was placed on the husband's medical practice.

[3]The trial judge states in his memorandum of decision that, as a matter of practice, judges granting divorces under § 1A use a printed form in making the findings required by § 1A.

action for divorce shall proceed under § 1A.[4] We see little difference between a judge's determination under § 1A that a separation agreement contains "proper provisions" for alimony, and a judge's determination under § 1B that a separation agreement contains provisions for alimony that are "appropriate" for inclusion in the judgment of divorce.

The difficult question in this § 1B divorce proceeding is whether, where it does not appear explicitly on the record that the judge who granted the divorce determined that the separation agreement was fair and reasonable, the wife may now obtain a determination that the separation agreement was not fair and reasonable at the time it was entered into and thereupon seek a modification of the spousal support award. In *Dominick* v. *Dominick*, 18 Mass. App. Ct. 85 (1984), the court concluded that, where the wife repudiated a binding separation agreement before judgments of divorce nisi were entered, "the judge was required to make an independent finding that the agreement was fair and reasonable before incorporating it in the judgments." *Id.* at 91-92. The *Dominick* case tells us nothing about the consequences of the absence of a specific finding of fairness and reasonableness when, years after the divorce, a party seeks to modify some provision of the separation agreement incorporated in but surviving the judgment.

In *Slaughter* v. *McVey*, 20 Mass. App. Ct. 768 (1985), each party repented of a separation agreement before the judgment of divorce nisi became absolute, but the judge nevertheless ordered the parties to comply with it. The court held that, in such circumstances, in the absence of independent findings that the separation agreement was fair and reasonable, the agreement was "vulnerable to timely attack." *Id.* at 773. There is no suggestion in the *Slaughter* case that a challenge to the fairness and reasonableness of a separation agreement would be a "timely attack" if it were made more

---

[4]The circumstances of the presentation of the separation agreement to the judge in this case may support a conclusion that this action for divorce should have proceeded under § 1A. However, a sworn statement of an irretrievable breakdown of the marriage was not filed.

than five years after the divorce became absolute. The *Slaughter* opinion in fact notes the availability of motions to vacate judgment under Mass. R. Dom. Rel. P. 60 (a) ("clerical mistakes"), (b) (1), and (b) (6). *Id.* at 772. A motion for relief from a final judgment under rule 60 (b) (1) ("mistake, inadvertence, surprise, or excusable neglect") must be made within one year. A motion under rule 60 (b) (6) ("any other reason justifying relief from the operation of the judgment") must be made within a reasonable time. The wife's complaint for modification does not explicitly seek relief under rule 60, and the trial judge was not asked to rule, and did not rule, on the question whether the complaint for modification was filed within a reasonable time within the meaning of rule 60 (b) (6).

In the circumstances of this case, the absence of an explicit finding by the judge who granted the divorce in 1982 that the separation agreement was fair and reasonable, does not warrant a reconsideration of that issue on the basis of the wife's 1988 complaint for modification. The record is clear that the judge who passed on the separation agreement knew that its fairness and reasonableness was before him. He asked the wife about that very question. The ambivalence of her silence in response to the question in no way detracts from the fact that the judge, although perhaps wrongly, ruled independently that the agreement was fair and reasonable.

Beyond this fact-specific basis for denying the wife's complaint for modification lies the importance of the finality of judgments that is embodied in Mass. R. Dom. Rel. P. 60 (b). In the absence of fraud or coercion in the making of the separation agreement, in the absence of the petitioning spouse being or becoming a public charge, in the absence of a showing that no judge has yet even implicitly considered the fairness and reasonableness of the separation agreement (see *Cepek* v. *Cepek*, 22 Mass. App. Ct. 331, 333 [1986]), and in the absence of "countervailing equities" (*Knox* v. *Remick*, *supra* at 437), spousal support provisions in a separation agreement voluntarily entered into, incorporated in but sur-

viving the judgment of divorce, should at some time become free from question. Because the wife did not challenge the agreement within a reasonable time after the entry of judgment (see Mass. R. Dom. Rel. P. 60 [b] [6]), it is too late to claim that the agreement was not fair and reasonable. Cf. *Gottsegen* v. *Gottsegen*, 397 Mass. 617, 628-629 (1986).[5]

The wife, represented by competent counsel, accepted the terms of the separation agreement, knowing that she would not be entitled to alimony once her former husband attained the age of sixty-five. A decision allowing the wife to reopen the alimony question in this case would mean that the provisions of a separation agreement incorporated in, but also surviving, a judgment of divorce would be open to reconsideration for years (perhaps for the lives of the parties) unless it were clear on the record that the judge who granted the divorce had explicitly ruled that the agreement was fair and reasonable. Such an opportunity would permit requests for modification based on the possibility, however remote, of success and would burden judges with the need to find facts related to events often long past.

A judgment shall be entered dismissing the wife's complaint for modification of the separation agreement. In the circumstances, the husband's counterclaim for attorneys' fees and expenses should be denied.

*So ordered.*

---

[5]Counsel should press a judge who incorporates a separation agreement in a judgment of divorce to rule explicitly, on a full disclosure of the relevant facts, that it is fair and reasonable. What we say applies to all such circumstances, not just § 1A and § 1B divorces.