NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

18-P-716                                          Appeals Court


        STANISLAW W. PIWOWARCZYK  vs.  EWA B. PIWOWARCZYK.


                        No. 18-P-716.

    Worcester.      April 3, 2019. - August 16, 2019.

        Present:  Milkey, Neyman, & Englander, JJ.


Divorce and Separation, Separation agreement, Judgment.  Probate
    Court, Divorce.  Contract, Construction of contract.
    Practice, Civil, Contempt.


    Complaint for divorce filed in the Worcester Division of
the Probate and Family Court Department on May 5, 2016.

    A complaint for contempt, filed on November 6, 2017, was
heard by Geoffrey R. German, J.


    Luke Rosseel for the wife.
    Katarzyna J. Wennerberg for the husband.


    ENGLANDER, J.  In this contempt proceeding with respect to

a divorce judgment, the former wife (wife) was ordered to pay

for the former husband's (husband) health insurance even though

she had left her job in Massachusetts, moved to Florida, and no

longer had health insurance of her own.  The operative clause of

the parties' separation agreement (agreement), which was

incorporated into the divorce judgment, provided that the wife would maintain her "[c]urrently existing health insurance or equivalent thereof" for the benefit of the husband "for so long as he remains eligible under the plan at no additional cost to the [w]ife."  Because we conclude that the judge erred in construing this clause, we reverse.

Background.  We recite those facts from the record that are not disputed.[1]  The husband and wife were married for twenty-five years, and divorced in 2016.  On December 14, 2016, a judge of the Probate and Family Court issued a judgment of divorce incorporating the parties' agreement.[2]  Relevant here is the clause in Addendum B of the agreement, which addressed the wife's obligation to maintain health insurance for the husband, postdivorce (health insurance clause):

> "1.  Currently existing health insurance or equivalent thereof shall be maintained by the [w]ife for the benefit of the [h]usband for as long as he remains eligible under the plan at no additional cost to the [w]ife.  If there is an additional cost to provide health insurance for the [h]usband the [h]usband shall pay said additional amount to the [w]ife each and every month on the first day of each month or forfeit said insurance coverage."

Prior to the divorce, the wife had worked at a local savings bank for many years, and had maintained health insurance

---

[1] There was no evidentiary hearing, and there are no separate findings of fact.

[2] The agreement survived the divorce judgment.

for herself and the husband through the bank's plan.  The husband worked in construction and apparently did not have access to a health plan through his employer.  In October of 2017, after the divorce was final, the wife left her employment and moved to Florida, to be closer to her two adult sons.  The wife's health insurance was accordingly cancelled, leaving both the wife and the husband without health insurance.  Although the wife secured temporary employment in Florida she did not have access to health insurance through her employer.  At the time of these proceedings, the wife did not have health insurance.

The husband filed a complaint for contempt in November of 2017.  After two days of nonevidentiary hearings, the judge issued a judgment finding the wife in contempt,[3] and a further judgment ordering her to pay $369 per month toward the husband's health insurance.  The thrust of the judge's reasoning, evident from the transcript and the contempt judgment, is that the wife violated the health insurance clause by "voluntarily leaving her employment" and thus causing the husband to become ineligible for coverage under her plan.  The wife appeals.[4]

---

[3] The judgment was captioned "Judgment on Complaint for Criminal Contempt."  The complaint was one for civil contempt; we assume that the judgment caption was a scrivener's error.

[4] The judge subsequently stayed his order pending appeal, on the condition that the wife pay the monthly amount into escrow.

Discussion. To find the wife in contempt, the judge was required to find "clear and convincing evidence of disobedience of a clear and unequivocal command." Birchall, petitioner, 454 Mass. 837, 853 (2009). The contempt issue accordingly turns, in the first instance, on the meaning of the health insurance clause. Neither party argued that the health insurance clause was ambiguous, and the issue of the construction of the health insurance clause was treated as a pure question of law for the judge. See Colorio v. Marx, 72 Mass. App. Ct. 382, 388 (2008). No evidence was offered as to the intent of the health insurance clause, or as to the negotiation of the agreement.

Clauses such at the one at issue, which require a divorced spouse to maintain health insurance for his or her former spouse, are common in separation agreements and divorce judgments. See, e.g., George v. George, 476 Mass. 65, 66 (2016); Barry v. Barry, 409 Mass. 727, 729-730 (1991). The language of these clauses may differ, and hence the construction may vary from clause to clause. Relying here upon the language of the health insurance clause as a whole, its import is to make the wife responsible for the husband's health insurance only if the wife has health insurance under a plan that can also be used to cover the husband -- and even in those circumstances, the husband must cover any costs in excess of what it would cost the wife to cover herself. See Balles v. Babcock Power Inc., 476

Mass. 565, 571 (2017) (in construing contract court looks first to contract's plain language, construed as whole).

The critical language is that the wife shall "maintain" health insurance for the husband, "for as long as he remains eligible under the plan."  "The plan" refers to the wife's "[c]urrently existing health insurance or equivalent thereof." Accordingly, the wife's obligation is conditional; it arises only if the husband is "eligible under the plan."  As we read the health insurance clause, the wife is not obligated to maintain health insurance for the husband if she is not working, or has no access to health insurance through her employment. This is because if the wife has no access to health insurance there is no "plan," and the husband therefore cannot be "eligible under the plan."

The alternative construction -- apparently adopted by the judge -- would read the health insurance clause as requiring the wife to "maintain," indefinitely, her "[c]urrently existing health insurance or equivalent thereof."  We do not so read it. If the health insurance clause were construed to require the wife to arrange her employment so as to maintain health insurance that could also cover the husband, that would mean that the wife was restricted in her ability to change jobs (or as here, to relocate), because she would then need to find a job

with health insurance available for the husband.[5]  Reading such an obligation into the health insurance clause would impose a significant burden and limitation on the wife's personal freedoms; we are unwilling to so read the health insurance clause where the plain language lends itself to a more reasonable and less intrusive obligation -- which is, that the wife must offer health insurance to the husband when it is otherwise available under her plan.  See Tremouliaris v. Pina, 23 Mass. App. Ct. 722, 725-726 (1987), quoting Clark v. State Street Trust Co., 270 Mass. 140, 153 (1930) ("courts always avoid, if possible, any construction of a contract that is unreasonable or inequitable").  Moreover, our construction is more consistent with the remainder of the health insurance clause, which expresses the clear intent that the obligations thereunder not give rise to "additional cost to the [w]ife." Reading the health insurance clause to restrict the wife's job selection -- or alternatively, to force her to incur the costs of the husband's insurance -- would impose precisely the additional costs the health insurance clause writes out.

Accordingly, the judge erred in finding the wife in contempt.  There was no "clear and unequivocal command,"

---

[5] Indeed, such a construction would apparently leave the wife responsible for the husband's health insurance, even if she retired.

Birchall, petitioner, 454 Mass. at 853, that the wife maintain health insurance for the husband even where she has no access to health insurance through her employment.[6]  Furthermore, the order requiring the wife to pay for the husband's additional health insurance costs was plainly beyond what is required by the language of the health insurance clause.

Finally, while it is a relatively straightforward matter to rule that the wife was not in contempt -- because the health insurance clause did not provide a "clear . . . command" under the circumstances -- such a ruling does not necessarily answer the question of what the health insurance clause actually requires.  Put another way, if the judge had found that the health insurance clause was not "clear," but that nevertheless the better reading of the health insurance clause was that it required the wife to maintain the husband's health insurance under the circumstances, the judge could have ordered the insurance maintained even though he found no contempt.  See Smith v. Smith, 93 Mass. App. Ct. 361, 364-365 (2018).  As discussed above, however, here the correct reading of the health insurance clause is that it does not require the wife to

---

[6] In the event that the wife obtains insurance through future employment where the husband is "eligible under the plan," then such should be offered to the husband, provided he covers the additional cost.

maintain health insurance for the husband where she has left her job, even though she did so voluntarily.[7]

> Judgment and further judgment on complaint for contempt reversed.

---

[7] The husband does not appear to seriously dispute the wife's motivation in moving, which she stated was to live closer to her two sons. There is no allegation that the wife left her position with malicious intent to cause the husband to lose his insurance.