SARKIS KINOSIAN *vs.* MABEL KINOSIAN.

Worcester. April 5, 1966. — June 7, 1966.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Divorce,* Alimony. *Probate Court,* Character of pleading.

A petition, filed after a decree of divorce not providing for alimony had become absolute, seeking to modify the decree by including a provision for alimony, had no standing under G. L. c. 208, § 37. [51–52]

Kinosian v. Kinosian.

A petition captioned and framed in terms of modification of a decree of
divorce containing no provision for alimony, seeking inclusion of a
provision therefor, filed after the decree had become absolute, was
treated by this court as a petition under G. L. c. 208, § 34, for alimony
at a time "after . . . [the] divorce" and not as a petition under § 37
"to revise and alter" the decree.   [52]

Alimony may be awarded to a wife when a divorce is granted on her hus-
band's libel.   [52]

Where the court was without authority in a divorce case to entertain a
petition by the libellee under G. L. c. 208, § 37, to modify a decree of
divorce containing no provision for alimony for her by including a pro-
vision therefor, but the judge purported to enter a decree modifying the
divorce decree by requiring the libellant to pay the libellee a certain
amount weekly for her support, the payments to be "retroactive" to the
date of the decree nisi, this court, upon treating the petition as one for
alimony "after . . . [the] divorce" under § 34, reversed the purported
decree of modification and ordered entry of a new decree awarding the
same weekly amount to the libellee, which appeared to be appropriate on
the record, but directing commencement of payments as of the date of
entry of the purported decree of modification.   [52]

LIBEL for divorce filed in the Probate Court for the
county of Worcester on October 16, 1959.

A petition filed on January 17, 1961, by the libellee was
heard by *Rice, J.*

*Austin A. Philbin* for the libellant.

No argument or brief for the libellee.

SPALDING, J.   On May 18, 1960, Sarkis Kinosian (libel-
lant) was granted a decree nisi against his wife, Mabel, on
the ground of desertion.   No alimony was prayed for in the
libel and none was granted in the decree.   Before the de-
cree became absolute Mabel filed a petition to have the
decree nisi vacated "because of an alleged mistake or mis-
understanding."   The petition was opposed by the libel-
lant.   On November 15, 1960, a decree was entered dis-
missing the petition.

On January 17, 1961, Mabel filed a petition requesting
"that the Decree Nisi . . . [entered] on May 18, 1960, be
modified to include support or alimony" for her.   On
June 5, 1961, a decree was entered ordering that the divorce
decree be modified by requiring the libellant to "pay to the
libellee for the support of herself the sum of fifteen dollars
each and every week, said payments to be retroactive to
May 18, 1960," the date of the decree nisi.   The libellant

appealed from this decree. Pursuant to a request by the libellant, the judge made a report of the material facts. The evidence is not reported.

The pertinent findings of the judge were as follows: After the libel for divorce was filed, counsel for Mabel promptly filed an appearance. While the case was pending and before it was heard, the libellant "called upon his wife and in the presence of a daughter, stated that he would pay her $15.00 a week alimony." "Both counsel were apprised of this agreement and drew up a written stipulation. The wife was informed by her counsel that the stipulation awaited her signature." She "felt that a deal was a deal and . . . did not bother to sign the stipulation." Counsel for Mabel withdrew his appearance. At the hearing, which was uncontested, the judge asked the libellant if he was paying anything to his wife for support and he stated that "he had been paying her $10.00." When asked by the judge if there was any agreement for support, the libellant replied that there was not. At the hearing to vacate the decree nisi it appeared that Mabel had no objection to the divorce; her only objection was that the decree should have contained "a provision of $15.00 weekly in lieu of alimony." She informed the court at that time that she had decided to bring a petition for modification. The petition to vacate was then dismissed and subsequently the present petition for modification was brought.

The judge found "that at the time of the decree nisi, the libellee was without funds [and] that because of her age and physical condition she would become a public charge." He ordered that the decree nisi be modified "by ordering the payment of $15.00 weekly retroactive to May 18, 1960, the date of the decree nisi."

General Laws c. 208, § 37, provides: "After a decree for alimony or an annual allowance for the wife or children, the court may, from time to time, upon the petition of either party, revise and alter its decree relative to the amount of such alimony or annual allowance and the payment thereof, and may make any decree relative thereto which it might have made in the original suit." As a petition for modi-

fication under the foregoing statute the present petition would have no standing. That section applies only "after a decree for alimony" and empowers the court to "revise and alter" its decree "relative to the amount of such alimony." The decree nisi contained no provision for alimony.

General Laws c. 208, § 34, provides: "Upon a divorce, or upon a petition at any time after a divorce, the court may decree alimony to the wife, or a part of her estate, in the nature of alimony, to the husband." Thus under § 34 it was open to the wife to bring a petition for alimony at any time after the divorce despite the fact that there was no award of alimony in the original decree of divorce. Although the present petition is captioned and framed in terms of modification, we are of opinion that it should be treated as a petition for alimony "at any time after a divorce" under § 34, and not as a petition to "revise and alter" under § 37. *Baird* v. *Baird*, 311 Mass. 329, 331–332. No contention is made that the amount ordered to be paid to the wife is beyond the libellant's pecuniary resources. The principal attack on the decree is that it could not be entered on a petition to modify, and what we have said above disposes of that issue. But the libellant does argue that the findings are insufficient to show need on the part of the wife. While the findings are meager on that issue we are of opinion that they were sufficient to support the decree. See *Coe* v. *Coe*, 313 Mass. 232, 235–236. And the fact that the wife was the party at fault did not bar her from an award of alimony. *Graves* v. *Graves*, 108 Mass. 314. *Brown* v. *Brown*, 222 Mass. 415, 417.

Since, for the reasons stated above, the court was without authority to modify the decree nisi, the decree of modification must be reversed. A new decree is to be entered (treating the petition as one brought under G. L. c. 208, § 34) awarding weekly payments of $15 to the wife; such payments are not to be retroactive to the date of the decree nisi but are to commence as of the date (June 5, 1961) when the so called decree of modification was entered.

*So ordered.*