PATRICIA A. BUCKLEY *vs.* BRIAN J. BUCKLEY.

No. 95-P-1003.

Suffolk. November 15, 1996. - May 28, 1997.

Present: PORADA, LAURENCE, & LENK, JJ.

*Divorce and Separation,* Modification of judgment, Alimony, Child support.

In a postjudgment proceeding in a divorce action, in which the parties proceeded under G. L. c. 208, § 37, and the judge applied that section in awarding the wife alimony on her complaint for modification, the husband was not entitled to claim for the first time on appeal that the judge should have proceeded under G. L. c. 208, § 34 [718]; in any event, where the parties had entered into an agreement that addressed the issue of alimony and reserved the right to claim alimony in the future, which was incorporated and merged into the divorce decree, G. L. c. 208, § 34, did not apply to the postjudgment proceeding [718-722].

In a postjudgment proceeding in a divorce action, the judge did not abuse his discretion in declining to order the wife to pay child support to the husband. [722-723]

COMPLAINT for divorce filed in the Suffolk Division of the Probate and Family Court Department on September 15, 1989.

A complaint for modification, filed on December 23, 1993, was heard by *William Highgas, Jr.,* J.

*Sharon Feigenbaum* for the defendant.

*Patricia A. Buckley,* pro se.

LENK, J. This matter is before us on the appeal of the husband, Brian Buckley, from the February 3, 1995, post-divorce judgments of the Probate and Family Court, modifying the parties' judgment of divorce nisi pursuant to G. L. c. 208, § 1B, entered on August 1, 1990. The modification judgments award the wife, Patricia Buckley, alimony and do not require her to pay child support. At issue is whether the wife's request for alimony, not previously claimed, should

have been adjudicated under G. L. c. 208, § 34, rather than under § 37, and whether the wife should have been required to pay child support. We affirm.

1. *Background facts.* At the time of their divorce in 1990, the parties entered into an agreement, which was incorporated and merged into the divorce decree. The parties shared legal custody of their two minor children, with the husband having physical custody of the son and the wife having physical custody of the daughter. Pursuant to their agreement, the husband made child support payments to the wife to help with the care and support of their daughter. The wife was not required to and did not contribute financially to the care and support of their son. In their agreement, the parties waived "past and present alimony, but . . . expressly reserve[d] the right to claim future alimony." Financial statements submitted to the court at the time of their divorce action indicate that the wife was working as a dental assistant and then earning $15,850 per year, and the husband was working as a software engineer earning $38,000 per year. The wife listed her total assets as $2,305 and her liabilities as $10,595. The husband reported his total assets as $600 and his total liabilities as $1,610.

In October, 1993, the parties' minor daughter left the home of her mother and moved in with her father. The court modified the husband's support obligation by no longer requiring him to pay to the wife child support for the daughter. No arrangements were made for the wife to contribute to the care and support of either of the parties' minor children. After she stopped receiving child support payments, the wife filed both a complaint for modification seeking alimony and a motion for temporary order of alimony. The husband filed his answer, denying that the wife was entitled to alimony and counterclaiming for support for the parties' two children. After a hearing, the court awarded temporary alimony to the wife for a period of ten weeks to help her adjust to the loss of child support income. The wife subsequently filed a second motion for a temporary order of alimony which, after hearing, was denied.

Both parties submitted to the court new financial statements in connection with these modification proceedings. The wife reported a yearly income of $16,640, total assets of $625 and total liabilities of $7,900; the husband, who had remar-

ried and had a new child, reported a yearly income of $65,000, total assets of $10,300 and total liabilities of $5,900. Following trial on the wife's complaint for modification, the husband was ordered on February 3, 1995, to pay the wife ongoing alimony in the amount of $60 per week, and his request that the wife pay child support was denied.

2. *Alimony.* The husband claims error in the trial judge's failure to make findings which show that he weighed all of the factors set forth in G. L. c. 208, § 34, in reaching his alimony decision. The husband argues in this regard that the trial judge's application of G. L. c. 208, § 37, pertaining to modification proceedings, rather than G. L. c. 208, § 34, applicable to initial awards of alimony, was error. The argument is predicated on the husband's contention that the alimony awarded in the modification proceeding was an initial award triggering analysis under § 34.

The husband raises this issue for the first time on appeal. Below, he did not move to dismiss the wife's complaint for modification; instead he answered it, denying that the wife was entitled to alimony while also counterclaiming for child support. At trial, he submitted proposed findings of fact and rulings of law, acknowledging that the standard to be applied on the claim and counterclaim was "a material change of circumstances," the standard under § 37. At no time did the husband request a full evidentiary hearing pursuant to G. L. c. 208, § 34, proffer evidence on each of the § 34 factors, or offer any proposed findings or rulings as to such factors. The theory of law on which the parties assented to having the case tried cannot be disregarded when the case comes before an appellate court for review. *Larson* v. *Larson,* 28 Mass. App. Ct. 338, 341 (1990). Even if this were not so, the husband's contention that § 34 has application in these circumstances is unavailing.

The husband argues that § 34 applies to the wife's alimony request because alimony had not been previously awarded, and a judge who initially awards alimony is required to consider all of the § 34 factors. To be sure, before rendering an initial alimony determination, whether in connection with a complaint for divorce or a post-divorce complaint for alimony, a judge is required to consider the fourteen manda-

tory factors set forth in G. L. c. 208, § 34.[1] *Rice* v. *Rice*, 372 Mass. 398, 401 (1977). *Cherrington* v. *Cherrington*, 404 Mass. 267, 269-272 (1989). Use of these factors directs the judge's attention to, among other things, the parties' conduct during and contributions to the marital partnership, as well as to the needs and resources of the parties. The post-divorce complaint for alimony, unlike the post-divorce complaint for modification of alimony, will only lie where the divorce judgment has made no provision for alimony, and the issue is, as it were, before the trial court for the first time. In contrast, where the trial court has previously passed on the issue of alimony in the divorce judgment, the correct course of action when seeking an adjustment is the post-divorce complaint for modification, implicating the traditional test of a material change in circumstances. That test directs the judge not to the conditions and arrangements of the marital partnership, but instead to material changes which have taken place in the parties' needs and resources since the time the divorce decree entered and the partnership dissolved.[2] *Pagar* v. *Pagar*, 9 Mass. App. Ct. 1, 2 (1980). The question before us, then, is

---

[1]General Laws c. 208, § 34, as amended through St. 1989, c. 559, provides, in pertinent part:

> "In determining the amount of alimony, if any, to be paid, or in fixing the nature and value of the property, if any, to be so assigned, the court, after hearing the witnesses, if any, of each party, shall consider the length of the marriage, the conduct of the parties during the marriage, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. In fixing the nature and value of the property to be so assigned, the court shall also consider the present and future needs of the dependent children of the marriage. The court may also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates and the contribution of each of the parties as a homemaker to the family unit."

[2]What matters in a modification proceeding is the current financial situation of the parties, obligations of support, and whether there has been a material change in circumstances from the time of the divorce. *Griffith* v. *Griffith*, 24 Mass. App. Ct. 943, 945 (1987). These the trial judge considered here, noting, among other things, the loss of child support income to the wife, the husband's ability to contribute toward the wife's support, and the wife's inability to sustain herself reasonably on her current income.

whether the issue of alimony was before the court for the first time in the modification proceedings brought under § 37.

At the time of their divorce in 1990, the Buckleys had entered into an agreement that explicitly referenced the issue of alimony. By incorporating and merging into the court's divorce decree the agreement containing this alimony provision, the trial judge passed on and approved the parties' disposition of the issue.[3] By virtue of their agreement, the Buckleys intended and reached a full and final settlement of their financial affairs.[4] As to alimony, they agreed that none was then owed or to be paid but left open the question whether alimony would be paid in the future. It may reasonably be inferred from the language of the alimony provision that future alimony would only be sought if the parties' circumstances were significantly different from those extant at the time of the divorce, when no alimony was sought or to be paid. In so doing, they implicitly agreed that any future alimony request would be governed by the § 37 material change in circumstances standard.

The husband contends that *Kinosian* v. *Kinosian*, 351 Mass. 49 (1966), and *Cherrington* v. *Cherrington*, 404 Mass. at 267, require a different result. They do not. The two cases involved neither divorce judgments incorporating settlement agreements with alimony provisions nor divorce decrees addressing the subject of alimony.

In *Kinosian*, no alimony was requested in the complaint for divorce and, after trial, no alimony was granted in the decree.

---

[3]The policy of the Commonwealth clearly favors the settlement of marital disputes between divorcing parties, encouraging the parties to agree to a permanent resolution of their rights and obligations, including support obligations. *Knox* v. *Remick*, 371 Mass. 433, 436 (1976). Where the parties' agreement is not unconscionable on its face, the court is not bound to hold an evidentiary hearing in order to incorporate or merge the agreement with a divorce judgment entered pursuant to G. L. c. 208, § 1B. See *Barry* v. *Barry*, 409 Mass. 727, 732 (1991) (the absence of an explicit finding by the judge that the separation agreement was fair and reasonable is not fatal to the validity of such agreement).

[4]It is clear from their agreement that the Buckleys intended their stipulation to encompass the entirety of their financial relationship. The parties stipulated to their respective rights and responsibilities regarding: tax exemptions, alimony, health insurance, uninsured medical expenses for their minor children, and retirement income. Moreover, the stipulation provides that "[t]he plaintiff and defendant have made a full and final distribution of all marital assets."

*Kinosian, supra* at 50. Subsequently, the wife filed a complaint for modification requesting alimony from her ex-husband, was awarded retroactive and prospective alimony payments, and the husband appealed. *Id.* at 50-51. The Supreme Judicial Court held that, although the petition filed was captioned and framed in terms of modification, because the decree nisi contained no provision for alimony it should . be treated as a petition for alimony under § 34, and not as a petition to "revise and alter" under § 37. *Id.* at 52.

In *Cherrington*, the wife filed a complaint for modification seeking alimony. Alimony had not been an issue in the divorce proceedings, and the judgment of divorce nisi did not mention alimony. *Cherrington*, 404 Mass. at 269. The trial judge (on the modification complaint) awarded the wife alimony, and the husband appealed, claiming that the judge erred in entering a modification judgment providing for an award of alimony when the divorce judgment had not addressed the matter of alimony. *Id.* at 268-269. The Supreme Judicial Court concluded that the wife's complaint for modification requesting alimony should have been brought under, and treated as a petition for, an original award of alimony under G. L. c. 208, § 34, rather than as part of a request for a modification to be reviewed under G. L. c. 208, § 37. *Cherrington, supra* at 269. Because the record did not show that the trial judge had considered all of the § 34 statutory factors in awarding alimony pursuant to the modification judgment, the case was remanded for a new hearing. *Id.* at 269-270.[5]

A case not raised by the husband, but arguably more analogous than *Kinosian* or *Cherrington* as it explicitly involves a separation agreement, is *Cappello* v. *Cappello*, 23 Mass. App. Ct. 941 (1986). In *Cappello*, as in the case at bar, the parties in divorce proceedings had chosen to resolve issues concerning their mutual rights and obligations by means of an agree-

---

[5]The language in these cases is somewhat ambiguous. In *Kinosian*, the divorce judgment is alternately described as including no "provision" for alimony and no "award" of alimony. 351 Mass. at 52. In *Cherrington*, the court notes that the judgment of divorce nisi does not "mention" alimony and that alimony does not appear to have been "considered" in the divorce proceedings. 404 Mass. at 269. We construe the subject language in the Buckleys' stipulation as being a "provision" for alimony which allocates a zero dollar alimony "award." This distinguishes the matter at hand from both *Kinosian* and *Cherrington*, where there is neither "provision" for, "award" of, nor "mention" of alimony in the divorce decree.

ment. The trial judge, without making written § 34 findings, entered a judgment of divorce nisi which incorporated and merged the parties' agreement. *Id.* at 942. The agreement made no reference, explicit or otherwise, to alimony and division of property. *Ibid.* The wife subsequently moved for relief from judgment or, in the alternative, for a hearing pursuant to G. L. c. 208, § 34, to determine her statutory rights to alimony and an equitable division of property. After both motions were denied, the wife appealed. We concluded that, while the agreement at issue was not comprehensive, it reflected sufficiently the parties' intent that it be "a final settlement of the financial relationship of the parties" such that the trial judge could properly infer that the division of the parties' property was encompassed within it. *Id.* at 943. The agreement was construed to encompass the entirety of the financial relationship of the parties, implicitly including alimony, and, on that issue, we held that no hearing, whether under § 34 or § 37, was required, noting that the wife had not alleged any change of circumstances warranting a hearing.

Unlike *Kinosian, Cherrington,* or *Cappello,* the Buckleys' judgment of divorce nisi incorporated and merged with a stipulation of the parties which *expressly addressed the issue of alimony.* See note 5, *supra.* The Buckleys have had their day in court with respect to an alimony award and, thus, alimony was properly relitigated upon a showing of a material change of circumstances.[6] *Robbins* v. *Robbins,* 343 Mass. 247, 249 (1961). There was no error.

3. *Child support.* The husband also contends that the trial judge erred in refusing to order the wife to pay child support to the husband for the care and support of their children. The husband claims that G. L. c. 208, § 28, imposes an absolute obligation upon the wife to contribute to the care and support of her two children. He further claims that where an inconsistency exists between the amount of the present order and the amount that would result from application of the child support guidelines, the statute requires a modification of the existing child support order to comport with the guidelines. We disagree.

It is true "that G. L. c. 208, § 28, imposes a duty of child

---

[6]The husband does not challenge on appeal the judge's determination that a material change in circumstances had occurred.

support on the wife as well as on the husband." *Sylvia* v. *Sylvia,* 9 Mass. App. Ct. 339, 341 (1980). It is also true that the Massachusetts Child Support Guidelines (guidelines) have presumptive application in all cases seeking the modification of a child support order. *Canning* v. *Juskalian* 33 Mass. App. Ct. 202, 204 (1992). Nonetheless, where the judge finds that the amount prescribed by the guidelines would be unjust or inappropriate under the circumstances and that the existing order is consistent with the best interests of the child, the court may make a specific written finding to that effect. *Ibid.* Moreover, the court is vested with discretion in determining whether to order one or both parents to pay child support. See G. L. c. 208, § 28, as appearing in St. 1985, c. 490, § 1 ("the court may make such judgment as it considers expedient relative to the care, custody and maintenance of the minor children of the parties"). The guidelines indicate that a judge is to consider the totality of the parties' circumstances in determining their support obligations. *Canning* v. *Juskalian, supra* at 204.

In ordering child support, the judge should consider the assets and income of both parties in determining their respective obligations to pay child support. *Sylvia* v. *Sylvia, supra* at 342. The trial judge had before him financial statements from both the husband and the wife. The judge found that the wife's income is insufficient to sustain herself reasonably. He further found that the wife relied upon the payment of child support toward her needs and, once it ceased, she became unable to maintain herself. Accordingly, the judge awarded ongoing alimony to the wife and did not order her to pay child support to the husband. Although the trial judge did not explicitly state that the guidelines would yield an unjust or inappropriate result, that thought process is implicit in the above findings. The trial judge did not abuse his discretion by not ordering child support payments from the wife.

*Judgments affirmed.*