PATRICIA C. DWIGHT *vs*. PETER H. DWIGHT.

No. 99-P-536.

Norfolk. January 8, 2001. - October 5, 2001.

Present: ARMSTRONG, C.J., DREBEN, & DUFFLY, JJ.

*Divorce and Separation,* Separation agreement, Alimony. *Words,* "Substantial inheritance," "Material change of circumstances."

In an action on a complaint for alimony under G. L. c. 208, § 34, the judge was correct in awarding the wife $2,600 per month alimony under the terms of a separation agreement incorporated in a judgment of divorce but surviving and having independent legal significance, where the judge's ruling that the husband received a "substantial inheritance" that increased his income was warranted by the evidence [743-744], where there was no merit to the husband's claim that the separation agreement provided for a cap of $35,000 for the wife's annual income and that the judge erred in giving her more than the amount needed to bring her income up to $35,000 [744], and where it could be inferred that the parties implicitly agreed that any future alimony request would be governed by the "material change in circumstances" standard governed by G. L. c. 208, § 37 [744-745].

COMPLAINT for divorce filed in the Norfolk Division of the Probate and Family Court Department on June 11, 1987.

A complaint for alimony, filed on October 14, 1997, was heard by *Robert W. Langlois,* J., and a motion for relief from judgment was heard by him; an additional hearing on the matter of alimony was had before *Eileen M. Shaevel,* J.

*Miriam Goldstein Altman* for Peter H. Dwight.

*Wendy H. Sibbison (Paul M. Doyle* with her) for Patricia C. Dwight.

DREBEN, J. The question before us is whether, under the terms of a separation agreement incorporated in a judgment of divorce but surviving and having independent legal significance, the trial judge was correct in awarding the wife $2,600 per month alimony.

Married in 1960 and divorced on May 29, 1990, the wife filed a complaint for alimony on October 14, 1997, relying on the separation agreement. The interpretation of the following provision is at issue:

> "Based upon the present existing financial status and an equal division of the present marital assets, the wife makes no present claim for alimony and waives her rights to be supported by the husband except in the event that the husband's financial situation improves due to a material change of circumstances whereby the husband receives a substantial inheritance which increases his income and, in addition, if at that time the wife's income from all sources is $35,000 or less, then, in that event, the wife shall have the right to file a new Complaint for Alimony to establish alimony payments to her. The provisions of this paragraph shall not establish an obligation on the part of the husband to pay any alimony, nor establish a waiver on the part of the wife to receive any alimony. It is the intention of the parties that the terms contained herein shall specifically establish the wife's right to file an independent Complaint for Alimony for the sole and specific purpose of obtaining alimony or support for herself if the Court finds, after hearing, that the wife requires alimony so as not to deplete her assets for ordinary living expenses."

Two judges of the Probate Court were involved in this case. The first judge, although initially denying the wife's complaint for alimony, on her motion for relief from judgment vacated the judgment, finding on an agreed statement of facts[1] that the husband's receipt, albeit in trust, of $435,000 from his father's estate constituted the receipt by him of a substantial inheritance. He also found that the wife's income was under $35,000, and that her expenses exceeded her income. Based on these findings, he concluded that the wife had established a prima facie case consistent with the separation agreement. The matter was set down for further hearing. For a reason not apparent on the record, a second judge held that hearing and thereafter awarded the wife alimony of $2,600 per month.

---

[1] Although the husband objected to some of the facts on the ground of relevancy, he accepted them "as agreed, if the court deems them admissible over [his] objection."

In his appeal the husband claims (1) that the judges erred as a matter of law as the husband never received a substantial inheritance that increased his income; (2) that the separation agreement provided for a cap of $35,000 for the wife's annual income and the judge erred in giving her more than the amount needed to bring her income up to $35,000; and (3) that the judge erred in treating her action as a complaint for alimony under G. L. c. 208, § 34, instead of as a complaint for modification under c. 208, § 37. We affirm the judgment.

We take our facts from the findings of the second judge and from the agreed statement of facts. At the time of the divorce, the parties' assets were divided approximately in half. The husband's stock portfolio was then worth approximately $487,000 and the wife's $462,000. To increase her income, the wife converted many of her long-term growth stocks into income producing investments and, as a result, incurred capital gains taxes of approximately $60,000. Since her divorce she has substantially reduced her standard of living and has had to deplete her assets to meet ordinary living expenses.[2] The judge found that the wife, who was 67 at the time of trial, will have spent all of her assets by age 83. Her annual income is $29,692.

In 1992, the husband's parents created an irrevocable spendthrift trust giving the husband a special power of appointment at his death. The trust also provided that the trustee shall pay the husband "and his issue living from time to time, so much of the annual net income and principal of the trust property as the trustee may deem to be necessary or desirable for the support, comfort, maintenance, education or benefit of such beneficiary or beneficiaries . . . . Any income not so distributed shall be accumulated and added to principal."[3]

After the death of the husband's father in 1994, $435,000 — forty percent of his father's estate after estate taxes and expenses — went to the husband, forty percent to one sister of

---

[2]At the time of trial in November, 1998, her assets were $370,000.

[3]The husband takes issue with the suggestion of the first judge that payment for the husband's "benefit" could include his obligations under a court order. We need not reach this question. See Restatement (Third) of Trusts c. 12, § 59 (Tent. Draft No. 2, 1999). See also *Gershaw* v. *Gershfield, ante* 81, 92 n.18 (2001).

the husband, and twenty percent to another sister. The marriages of the sisters were described in the agreed statement as "intact,"· and they received their shares outright. The husband's share, however, was paid to the trust.[4] As of the date of the agreed statement of facts, April 8, 1998, the trust had assets valued at $937,508 and the husband's stock portfolio, which was not invested in income producing stock, was worth $984,000.

In 1996, the husband received $7,000 from the trust — the judge mistakenly found that he received this amount annually. He conceded at the hearing that he had told the trustee that he did not want any income.

The husband's mother, stipulated to be 94 years old, and having assets worth between three and four million dollars, gives him $10,000 per year. Since his divorce the husband has lived with his mother. As she pays for all his needs, his expenses are $52 per week. He also gives substantial sums to the three adult children of the parties.

The judge concluded that the wife had met the conditions for bringing the action under the separation agreement: the husband had inherited substantial funds from his father, the wife has income of only $29,692 per year, and she needs alimony because she has to deplete her assets in order to meet ordinary living expenses. The judge also ruled that although, ordinarily, G. L. c. 208, § 37, would apply since the issue of alimony was expressly addressed in the agreement incorporated in the divorce judgment, see *Buckley* v. *Buckley*, 42 Mass. App. Ct. 716, 722 (1997), here "the parties specifically agreed that the issue of alimony would be addressed in a complaint for alimony not a complaint for modification. . . . By including such language in the Agreement, they bound themselves to apply the factors under section 34 rather than the traditional material change in circumstances standard in" c. 208, section 37. Proceeding to apply the factors under c. 208, § 34, the judge concluded that the

---

[4]The judge found "that it is highly likely that a principal reason for [the husband] being treated differently from his siblings (by having his inheritance placed in trust rather than given to him outright) was in order to defeat any claim for alimony that [the wife] could make if Peter received a 'substantial inheritance' as anticipated in the divorce agreement." We do not rely on this finding as it is unnecessary to our interpretation of the separation agreement. But see *Lauricella* v. *Lauricella*, 409 Mass. 211, 216 n.7 (1991).

husband "has the ability to pay a reasonably substantial amount of alimony due to the amount of income he currently receives, his virtual lack of expenses, and his access to additional funds if he need[s] or want[s] them." She then awarded the wife $2,600 per month.

1. *Substantial inheritance.* The husband claims that he did not receive a substantial inheritance because the trust is a spendthrift trust and because payment of income and principal to him is not within his control but is wholly within the discretion of the trustee. Whether partly a factual determination as urged by the wife or a legal conclusion as contended by the husband, the judge's ruling that the husband had received a substantial inheritance was warranted. Although payments to the husband are discretionary with the trustee, the trust provides the husband "with a substantial insurance policy against economic hardship." *Comins* v. *Comins*, 33 Mass. App. Ct. 28, 32 (1992). In such circumstances the transfer to the trust in 1994 was a substantial inheritance within the meaning of the separation agreement. The amount received, $435,000, was almost as much as was allocated to each party in the original division of assets and such a sum was undoubtedly considered to be substantial by the parties at the time of the divorce.

This conclusion does not entirely resolve the matter as the separation agreement speaks of a substantial inheritance which "increases" the husband's income. On this question we defer to the factual determination of the trial judge. Although the husband lays stress on the fact that he received only one distribution of $7,000 from the trust, he acknowledged at trial that he told the trustee that he did not want any income. In view of the broad purposes for which the trustee may make payments to the husband, and in view of the husband's statement to the trustee, the judge's finding that the husband had access to additional funds if he needed or wanted them is not clearly erroneous. The slight uncertainty of his access to income because of the discretion vested in the trustee and the spendthrift provision is not in these circumstances dispositive. See *David-*

*son* v. *Davidson*, 19 Mass. App. Ct. 364, 372 (1985).[5] A party's potential income rather than his actual income as limited by his voluntary action may be considered by a trial judge. See *Schuler* v. *Schuler*, 382 Mass. 366, 374 (1981), overruled in part on other grounds by *Keller* v. *O'Brien*, 425 Mass. 774, 777 n.7 (1997); *Bassette* v. *Bartolucci*, 38 Mass App. Ct. 732, 735 (1995); *Cooper* v. *Cooper*, 43 Mass. App. Ct. 51, 53 (1997).

2. *$35,000 cap.* The husband's argument that the provision provides a ceiling on the amount to be awarded to the wife is without merit. The amount is directed to the wife's right to seek alimony and not to the amount the judge may award.

3. *The proper standard, c. 208, § 34, or § 37.* This question is somewhat more troublesome because the provision, as the husband points out, speaks of a "material change of circumstances," which is the standard to be employed under § 37. See *Schuler* v. *Schuler*, 382 Mass. at 368; *Buckley* v. *Buckley*, 42 Mass. App. Ct. at 720. We, however, consider the trial judge's interpretation warranted. The use of the phrase "material change of circumstances" in the agreement defines the conditions under which the wife may seek alimony and does not appear to be directed to the standard to be employed by a judge. An examination of the separation agreement as a whole indicates a sophisticated use of terminology and knowledge of the intricacies of divorce law by its drafters.[6] In such circumstances the use of the term "an independent Complaint for Alimony" should be accorded its literal meaning. Compare *Cherrington* v. *Cherrington*, 404 Mass. 267, 269-270 (1989). Unlike the situation in

---

[5]Indeed, the trustee would be under a duty to provide income from the trust to the husband should the trustee determine, upon inquiry, that the husband needed it. *Marsman* v. *Nasca*, 30 Mass. App. Ct. 789, 795-797 (1991).

[6]The importance of heeding the parties' intentions is manifest in our cases. When a separation agreement, fair and reasonable at the time of the divorce and not the product of fraud and coercion, is incorporated into the judgment but has independent legal significance, *more* than a material change in circumstances is required before a judge is justified in modifying the agreement. *Stansel* v. *Stansel*, 385 Mass. 510, 515 (1982). See *Knox* v. *Remick*, 371 Mass. 433, 437 (1976). Even where the agreement merges in the judgment and does not survive, to the extent possible, the expressed desires of the parties should be taken into account. *Bercume* v. *Bercume*, 428 Mass. 635, 643-644 (1999). *Huddleston* v. *Huddleston*, 51 Mass. App. Ct. 563, 569 (2001).

*Buckley* v. *Buckley*, *supra* at 720, it may not be inferred that the parties "implicitly agreed that any future alimony request would be governed by the § 37 material change in circumstances standard."[7,8]

The wife may apply for an award of appellate attorney's fees, in accordance with the procedures set forth in *Yorke Mgmt.* v. *Castro*, 406 Mass. 17, 20 (1989).

*Judgment affirmed.*

---

[7]We note that in the provision for child support the parties spoke of a complaint for modification suggesting again that the parties were careful in their use of terminology.

[8]Although the trial judge did not treat the issue under § 37, in view of the significant appreciation of the husband's assets and the decrease in the wife's, the husband's position even if sustained would seem a pyrrhic victory.