LOUISE A. BRACCI *vs.* THOMAS CHICCARELLI.

No. 99-P-620.

Worcester. June 25, 2001. - December 3, 2001.

Present: DREBEN, CYPHER, & BERRY, JJ.

*Divorce and Separation,* Modification of judgment, Division of property, Separation agreement, Pension benefits.

Where a 1986 modification agreement altering the terms of a 1984 judgment of divorce nisi stated the intention of the parties that the agreement was to survive as a binding contract and not merge with any judgment, a judge of the Probate and Family Court was without authority to vacate the 1986 judgment of modification incorporating the agreement almost eleven years after its entry and award the former wife a portion of one of the former husband's pensions on the basis that the 1986 modification agreement and judgment were not binding because there was no explicit judicial finding that the 1986 agreement was fair and reasonable. [322-326]

COMPLAINT for divorce filed in the Worcester Division of the Probate and Family Court Department on May 25, 1983.

A complaint for modification, filed on March 12, 1997, was heard by *Arline S. Rotman,* J.

*Andrej Thomas Starkis* for the defendant.

*James W. Rosseel* for the plaintiff.

DREBEN, J. In 1986, the parties executed a modification agreement altering the terms of a judgment of divorce nisi entered in August, 1984. The agreement stated that it was to survive as a binding contract and not merge with any judgment. The parties filed a "Joint Motion for Entry of Judgment of Modification," and a judgment of modification incorporating their agreement entered on May 13, 1986.

Almost eleven years later, in March, 1997, the plaintiff, alleging that her needs had changed drastically, filed a complaint for modification seeking alimony and a division of certain assets, including two pensions of the defendant. In May, 1998, a judge

of the Probate Court, after an evidentiary hearing, awarded the plaintiff a portion of one of the defendant's pensions, concluding that the parties "never had a judicial determination that [the 1986 modification] agreement was fair and reasonable." Accordingly, she ruled, the defendant could not "use the [m]odification [a]greement as a defense to either the [p]laintiff's request for alimony or her request for a division of the [d]efendant's pensions." The defendant has appealed, citing, among other authorities, Mass.R.Dom.Rel.P. 60(b), and claiming that it was too late for the plaintiff to attack, and too late for the judge in effect to vacate, the 1986 modification judgment. We agree and reverse the judgment.

We take our facts from official court documents, including the modification agreement, and the "Findings of Fact" of the probate judge.

*The 1984 divorce judgment.* The 1984 judgment of divorce nisi provided, inter alia, that the plaintiff have physical custody of the parties' two minor children; that she have the use and occupancy of the marital home until the youngest child attained the age of nineteen, at which time the house was to be sold and the proceeds divided equally between the parties; that the defendant pay principal, interest, and taxes on the marital home until it was sold; and that the defendant pay the plaintiff fifty dollars a week in child support, be responsible for reasonable medical and dental expenses incurred by the minor children, and maintain the wife on his medical insurance plan. Other than the division of the proceeds from the marital home, the judgment contained no provisions for alimony or property division.

The judge in 1998 found that, at the time of the divorce, the plaintiff was aware that the defendant had a Massachusetts Electric Company pension, but she did not know its value. The judge also found that "the [d]efendant did not disclose his pension to the [c]ourt at the time of the divorce," and that he "did not adequately disclose his pensions to the [p]laintiff."[1]

*The 1986 modification agreement and judgment.* In February,

---

[1]There is no suggestion, however, in the judge's findings that there was fraud on the part of the defendant. That there was insufficient disclosure of the value of the only pension at issue here, the Massachusetts Electric Company pension, is not a ground for vacating the modification judgment. The plaintiff

1986, the plaintiff wanted to sell the marital home because the defendant had married a neighbor with whom the plaintiff was acquainted, and the defendant was living two houses away from the marital residence, causing the plaintiff enormous stress. Both parties hired attorneys and, prior to the sale, executed a modification agreement, the basic terms of which the parties themselves negotiated.

The modification agreement begins with a number of introductory "recitals." These set forth the provisions of the divorce judgment; indicate that the judgment made no provision regarding the division of the parties' personal property; state that both parties wished to sell the marital home sooner than called for in the judgment and that they had entered into a purchase and sale agreement to sell the home on May 12, 1986, that the wife wished to obtain $10,000 more than the husband from the proceeds, and that the only remaining minor child of the parties, then seventeen years old, wanted to reside with her father. The last of the introductory "recitals" was as follows:

> "Both parties wish to reach a binding agreement resolving these matters and making a final division of their property, both real and personal."

The agreement provides for the division of the proceeds of the sale of the marital home in accordance with the recital,[2] a division of personal property,[3] and a waiver by each party of "all claim to past, present or future alimony" except that the defendant agreed to pay to the plaintiff fifty dollars a week as alimony until the youngest child reached eighteen. As mentioned earlier, the agreement contains a survival provision, namely:

was represented by counsel and, knowing of the pension, could have ascertained its value. See *Sahin* v. *Sahin*, 435 Mass. 396, 403 (2001); *Kirtz* v. *Kirtz*, 12 Mass. App. Ct. 141, 145-146 (1981).

[2]The plaintiff was to receive $70,000 from the sale and the defendant, $60,000.

[3]The judge in 1998 noted that the agreement "painstakingly notes each and every item of personal property which the [d]efendant was allowed to remove from the home."

The personal property provision, in addition to listing the specific items to be taken by the defendant, stated: "Each of the parties shall hereafter be deemed the sole owner of such personal property as is at present in his or her possession and control or in his or her name" except the property listed which the husband "shall have the right to remove . . . ."

"Notwithstanding the adoption or incorporation of this Agreement into a Judgment of Modification or other Judgment[,] this Agreement shall not be merged with such Judgment but shall survive such adoption or incorporation as a binding contract between the parties and shall retain independent legal significance."

The agreement was incorporated in a modification judgment. Although the judgment stated that the agreement was merged into the judgment, the modification agreement controlled insofar as it stated that the agreement survived. The survival provision of a valid separation or modification agreement cannot be altered by the Probate Court. See *Moore* v. *Moore*, 389 Mass. 21, 24 (1983).

*1998 judgment.* Despite the intent of the parties to have a final division of their property and a binding contract, and despite the explicit survival clause, the judge, in ruling on the plaintiff's 1997 complaint, determined that the 1986 agreement did not control the division of property or the right of the wife to receive alimony. This was so because there had never been a judicial determination that the modification agreement was fair and reasonable. See note 7, *infra.*

Noting that the pensions were not mentioned in the 1986 modification agreement, were not disclosed in financial statements, and were not raised in the attorneys' negotiations, the judge concluded that the parties did not intend the pensions to be included in the personal property divided by the agreement. In any event, she added, "inclusion of the pensions would create such a disproportionate division of assets that the division would not be fair and reasonable." She also determined that, despite the intention of the parties, the waiver of alimony provision of the 1986 agreement was not fair and reasonable. The plaintiff's waiver was a significant concession for which she had received no consideration. Moreover, "[s]ince the parties never appeared before a judge, it is not possible to determine if the waiver was made knowingly and voluntarily."

Having concluded that the modification agreement and judgment was not a bar to either an award of alimony or of the defendant's pensions, and also concluding that the 1984 divorce judgment did not purport to make a complete division of marital

assets or to award alimony, the judge ruled that she could now consider whether an award of the pension or of alimony was appropriate. She reviewed the factors enumerated in G. L. c. 208, § 34, and awarded the plaintiff a portion of the defendant's Massachusetts Electric Company pension, but found the plaintiff "not currently in need of alimony."

Since "a judgment concerning the division of marital property is not subject to modification," *Taverna* v. *Pizzi*, 430 Mass. 882, 886 (2000); see *Bush* v. *Bush*, 402 Mass. 406, 409 (1988), the award of a portion of the defendant's pension, in effect, vacated the 1986 modification judgment. Similarly, by applying the c. 208, § 34, factors, which govern an initial award of alimony, rather than the § 37 standard of a "material change of circumstances,"[4] which governs a modification after there has been a judgment for alimony, see *Buckley* v. *Buckley*, 42 Mass. App. Ct. 716, 718-722 (1997); compare *Dwight* v. *Dwight*, 52 Mass. App. Ct. 739, 744-745 (2001), the judge treated the alimony provision in the 1986 modification judgment as having no force or effect. The crux of the judge's decision was that the 1986 modification agreement and judgment were not binding because there was no judicial finding that the 1986 agreement was fair and reasonable.

The defendant argues that a judge need not determine whether a modification agreement incorporated in a judgment is fair and reasonable when the agreement is entered into by parties no longer married to one another. This contention ignores the public interest in having spouses and children adequately provided for after divorce, a concern equally applicable whether the agreement is entered into during the marriage in expectation of separation or divorce, or at some later time. Cf. *Osborne* v. *Osborne*, 384 Mass. 591, 599 (1981). Cf. also *Bercume* v. *Bercume*, 428 Mass. 635, 644 (1999) ("termination of a marriage . . . may have consequences long after the date of divorce"). We see no reason why modification agreements are not subject

---

[4] If there is a valid agreement that survives a judgment of divorce, a higher standard than § 37, namely, "something more than a 'material change of circumstances' must be shown before a judge of the Probate Court is justified in refusing specific enforcement of that agreement." *Stansel* v. *Stansel*, 385 Mass. 510, 515 (1982). See *Williams* v. *Pitney*, 409 Mass. 449, 454 (1991).

to the same requirements as are applicable to separation agreements. See 2 Lindey & Parley, Separation Agreements & Antenuptial Contracts § 65.30, at 65-8 (2d. ed. 1999) ("modification must be entered into knowingly and without fraud, coercion or other defect that would invalidate a separation agreement"). Cf. *McGahee* v. *Kennedy*, 48 N.Y.2d 832, 834 (1979).

In order for a separation agreement incorporated in a judgment to be a bar to an attempt to modify its provisions, a judge must rule "at some time that the agreement was fair and reasonable." *Barry* v. *Barry*, 409 Mass. 727, 730 (1991), citing *Knox* v. *Remick*, 371 Mass. 433, 436-437 (1976). *Barry*, however, leaves no doubt that the requisite finding may be implicit and that the complaint to modify must be timely. 409 Mass. at 732-733. In *Barry*, the plaintiff, more than five and one-half years after her divorce, sought modification of alimony as ordered in a divorce judgment incorporating an agreement surviving the judgment. See *id.* at 727-728. The probate judge considering the complaint for modification assumed that the judge who had granted the divorce had found by implication that the separation agreement was fair and reasonable. He thought, however, that because the judge, when granting the divorce, had made no independent finding of the agreement's fairness and reasonableness, he, more than five years later, on a complaint for modification, could consider the fairness and reasonableness of the agreement at the wife's request. See *id.* at 728-729. The *Barry* court disagreed, ruling that the absence of an explicit finding of the judge granting the divorce did not warrant a reconsideration of the issue of fairness and reasonableness. See *id.* at 732-733. Noting that the judge who passed on the separation agreement knew that its fairness and reasonableness was before him, the Supreme Judicial Court concluded that the judge had implicitly ruled, "although perhaps wrongly," that the agreement was fair and reasonable. *Id.* at 732. The court went on to say:

> "Beyond this fact-specific basis for denying the wife's complaint for modification lies the importance of the finality of judgments that is embodied in Mass.R.Dom.Rel.P.

60(b).[5] In the absence of fraud or coercion in the making of the separation agreement, in the absence of the petitioning spouse being or becoming a public charge, in the absence of a showing that no judge has yet even implicitly considered the fairness and reasonableness of the separation agreement . . . , and in the absence of 'countervailing equities' (*Knox* v. *Remick, supra* at 437), spousal support provisions in a separation agreement voluntarily entered into, incorporated in but surviving the judgment of divorce, should at some time become free from question. Because the wife did not challenge the agreement within a reasonable time after the entry of judgment (see Mass.R.Dom. Rel.P. 60[b][6]), it is too late to claim that the agreement was not fair and reasonable. Cf. *Gottsegen* v. *Gottsegen,* 397 Mass. 617, 628-629 (1986)."[6]

*Id.* at 732-733.

---

[5]Rule 60(b) of the Massachusetts Rules of Domestic Relations Procedure is identical to Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974), which, in relevant part provides: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) . . . or (6) any other reason justifying relief from the operation of the judgment. *The motion shall be made within a reasonable time,* and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken" (emphasis supplied).

[6]The court continued:

"The wife, represented by competent counsel, accepted the terms of the separation agreement, knowing that she would not be entitled to alimony once her former husband attained the age of sixty-five. A decision allowing the wife to reopen the alimony question in this case would mean that the provisions of a separation agreement incorporated in, but also surviving, a judgment of divorce would be open to reconsideration for years (perhaps for the lives of the parties) unless it were clear on the record that the judge who granted the divorce had explicitly ruled that the agreement was fair and reasonable. Such an opportunity would permit requests for modification based on the possibility, however remote, of success and would burden judges with the need to find facts related to events often long past." *Barry* v. *Barry,* 409 Mass. at 733.

In addition to the significance accorded to the principle of finality expressed in Mass.R.Dom.Rel.P. 60, and in *Barry*, our cases involving litigation between formerly married spouses accord far more importance than was recognized by the probate judge to the intent of the parties as expressed in their agreement. Even in cases where agreements merge in the judgments and do not survive, the parties' intent is significant. See *Bercume* v. *Bercume*, 428 Mass. at 644, where the court in referring to such cases said: "To the extent possible, and consistent with common sense and justice, the modified judgment should take into account the earlier, expressed desires of the parties." See also *Huddleston* v. *Huddleston*, 51 Mass. App. Ct. 563, 568-570 (2001).

In view of the policies favoring settlement of property disputes, see *Moore* v. *Moore*, 389 Mass. at 24; *Buckley* v. *Buckley*, 42 Mass. App. Ct. at 720 n.3, favoring taking into account the intention of the parties that there be a final division, see *Cappello* v. *Cappello*, 23 Mass. App. Ct. 941, 943 (1986), and favoring finality of judgments, the findings of the judge to support her conclusion that the parties never had a judicial determination that the agreement was fair and reasonable were insufficient to vacate the 1986 modification judgment many years after its entry.[7] See *Buckley* v. *Buckley*, 42 Mass. App. Ct. at 720 n.3 (if agreement not unconscionable on its face, court is not bound to hold an evidentiary hearing to incorporate it in a judgment). The judge who signed the 1986 judgment had before him an agreement not unconscionable on its face and had access to the court papers, including the then-relatively recent 1984 divorce judgment which, under c. 208, § 1B, was required to contain "appropriate orders." See *Barry* v. *Barry*, 409 Mass.

---

[7]The judge's complete findings on this matter were:

"Neither party recalls coming before this Court to present the Modification Agreement. [The husband's] [a]ttorney . . . remembers that he brought the agreement to Court on or around May 13, 1986, but he cannot recall if he appeared before a judge. I find that the agreement was filed with the Court by the attorneys, and that the parties never exchanged financial information, never appeared before a judge, and never had a judicial determination that this agreement was fair and reasonable."

at 730. He also had before him a joint motion by separate counsel for the plaintiff and the defendant. In such circumstances, the judgment must be taken to have incorporated implicitly the findings necessary to support the validity of the judgment (and modification agreement), see *Buckley* v. *Buckley*, 42 Mass. App. Ct. at 720, and thus to preclude a challenge eleven years later. Compare *Rezendes* v. *Rezendes*, 46 Mass. App. Ct. 438, 440 (1999), where a showing was made that the request for modification (or clarification) was timely although a long period had elapsed. Here, the plaintiff has suggested no reason why her attack on the modification judgment could not have been brought earlier. See *Gottsegen* v. *Gottsegen*, 397 Mass. at 628-629.

Accordingly, the judgment of modification entered May 19, 1998, is reversed, and a judgment is to enter on the docket of the Probate Court dismissing the plaintiff's complaint for modification of the 1986 modification agreement and judgment.

*So ordered.*