NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

16-P-752                                          Appeals Court

JEFFREY W. FLOR  vs.  THERESA M. FLOR.

No. 16-P-752.

Berkshire.     December 8, 2016. - October 4, 2017.

Present:  Green, Agnes, & Desmond, JJ.

Divorce and Separation, Modification of judgment, Alimony.

Complaint for divorce filed in the Berkshire Division of
the Probate and Family Court Department on August 24, 2007.

A complaint for modification, filed October 7, 2015, was
heard by Richard A. Simons, J., and a motion for reconsideration
was considered by him.

Dennis M. LaRochelle for the husband.

AGNES, J.  The parties, Theresa M. Flor (wife) and Jeffrey

W. Flor (husband), entered into a separation agreement

(agreement) that, as pertinent here, merged into the judgment of

divorce nisi prior to March 1, 2012, the effective date of the

Alimony Reform Act of 2011, St. 2011, c. 124 (alimony reform act

or act).  The divorce judgment includes an order requiring the

husband to pay child support until, at the latest, the child's

twenty-third birthday,[1] an express waiver of the wife's right to seek past or present alimony, and an express reservation of the wife's right to seek an award of alimony in the future. Upon the wife's complaint for modification, brought in anticipation of the child's twenty-third birthday, a judge of the Probate and Family Court ordered the husband to pay the wife general term alimony.

The husband appeals, raising two issues. First, the husband argues that there was no basis for the judge's determination that the child's emancipation was a material change in circumstances that authorized the judge to determine whether it was appropriate to modify the judgment to provide for alimony. Second, the husband argues that the judge erred in not applying G. L. c. 208, § 49(f), the provision of the alimony reform act that creates a presumption that general term alimony terminates when the payor reaches full retirement age, because the initial order for alimony was entered in 2016, well after

---

[1] The parties' separation agreement provided that "[t]he [h]usband shall pay to the [w]ife weekly child support . . . in the current amount of $443 per week, to be paid bi-weekly commencing on [November 14, 2008], until the child is emancipated." The judge made a finding that "[t]he parties child[] attained age [twenty-three] on January 2, 2016. While she attended college at the University of Massachusetts, she left university in November[,] 2014. In July[,] 2015, the child moved in with her boyfriend. She did not return to live at the . . . [w]ife's home after that."

the effective date of the act.  For the reasons that follow, we affirm.

Background.  The following facts are drawn from the judge's findings, supplemented by uncontested facts from the record. The husband and the wife were married in 1984.  They have one child of the marriage, who was born on January 2, 1993.  During the marriage, the husband was the primary wage earner and the wife was responsible for the household and child care.  "From 1984 to 1998, she cared for children in her home.  In 2000, she worked for Goodwill Industries as a sales associate for a period of six months.  By the time the parties divorced in 2008, she had not worked outside the home in eight years."  Otherwise, she did not work outside the home between 2000 and 2008 due to emotional problems.

The marriage irretrievably broke down in 2008.  The judge entered a judgment of divorce nisi on November 6, 2008, which incorporated portions of the parties' agreement pertinent to this appeal.  The judge found that the parties had made an equal division of the marital estate.  As part of the agreement, the wife waived any claims for past and present alimony, but expressly reserved "her rights to future alimony and/or support."  The agreement further required the husband to pay child support to the wife of $442 per week until the child's emancipation.  The agreement provided that emancipation could

occur at various points in the child's life, but in no event would emancipation occur later than her twenty-third birthday.

In 2015, as the child's twenty-third birthday approached, the wife filed a complaint for alimony, as well as a complaint for modification. The husband moved for summary judgment, which was allowed as to the complaint for alimony, but with respect to the complaint for modification, the judge found that a genuine issue of material fact existed whether there had been a material change in circumstances, and so denied the husband's motion as to that complaint.

The case proceeded to trial. At the time of trial, the wife was fifty-six years old and the husband was fifty-nine years old. The judge found that after the divorce, the wife made a conscious decision to stay out of the work force. She did not want to work outside the home; she felt she needed to heal after a difficult marriage, and she wanted to focus on raising the parties' child. By 2012, the wife's anxiety had all but disappeared, although the only employment she took on between 2012 and 2016 was a four-month job at a department store during the holidays. The judge also found that the wife made only very minimal efforts to secure a job, that she was ambivalent about finding employment, and that the only thing preventing her from working in some capacity was her motivation and drive. Therefore, the judge attributed income to the wife

based on a full-time minimum wage job, but found that she still would be unable to meet her current needs without additional support from the husband, whom the judge found able to pay alimony.

The judge concluded that the prospect of the child's emancipation and the concomitant termination of child support payments constituted a material change in circumstances that authorized him to consider whether an order for general term alimony was appropriate. Based primarily on his findings that the husband's expenses had decreased, the wife's expenses had increased, and the husband's total financial circumstances were far superior to the wife's, the judge concluded that an alimony award was appropriate. As a result, the judge entered judgment for the wife, ordering the husband to pay $145 per week in general term alimony, and further determined that the duration would be indefinite.[2]

Discussion. 1. Material change in circumstances. In reviewing a modification judgment, we examine whether the factual and legal bases for the decision are in error, or whether the judge otherwise abused his discretion. Pierce v. Pierce, 455 Mass. 286, 293 (2009). The husband makes two

_____

[2] The original judgment of modification provided that the alimony payments would continue until the death of either party, or until the court ordered otherwise. Upon the husband's motion for reconsideration, the modification judgment was amended to provide that alimony also would cease should the wife remarry.

arguments for why there was no material change in circumstances in this case, (1) that any material changes in circumstances are wholly attributable to the wife's own neglect, and (2) that the loss of child support cannot be viewed as a material change.

The husband argues that any change in the wife's financial position is due to her own conscious decision to remain unemployed, and her lack of motivation and drive. The husband relies heavily on dicta from Pagar v. Pagar, 9 Mass. App. Ct. 1, 4 (1980) ("A party has no right to waste an asset deliberately or ignore a feasible source of income and then request an increase in support"). However, in Pagar we explained that the financial impact of the wife's wasted asset (personal use of a seasonal rental property) was "too speculative to constitute a determinative factor in assessing the resources of the wife." Ibid. We similarly conclude in the case at bar that the impact of the wife's failure to work on the relative financial positions of the parties is too speculative to require that the judge attribute such lost income to the wife. Had she been working since 2012, the wife's income might be higher than the income attributed to her by the judge, or it might not; her assets might be higher than those revealed by her current financial statements, or not.[3]

---

[3] To the extent the husband believed the wife should have been working earlier to help provide for the financial needs of

Furthermore, the judge took the wife's failure to work into account by attributing income to her in the form of a minimum wage job. Taking into account such attributed income, the judge nevertheless found that the wife still would be unable to meet her expenses without spousal support. Having considered the wife's education, training, and employment history, the judge acted within his discretion in finding that her experience is sufficient for an entry level clerical position, and not more lucrative employment. See Emery v. Sturtevant, 91 Mass. App. Ct. 502, 509 (2017). Compare Zaleski v. Zaleski, 469 Mass. 230, 241 (2014) ("[T]he prospect of future employment, when based on a past history of commensurate employment followed by a brief hiatus, may be sufficiently predictable, even in the absence of an available, specifically identifiable job").

In reaching his ultimate finding, the judge properly applied G. L. c. 208, § 37, governing a modification prior to the enactment of the alimony reform act. See Chin v. Merriot, 470 Mass. 527, 534-536 (2015). He considered the current income, expenses, and assets of the parties, and compared their positions at the time of trial relative to their positions at the time of the judgment of divorce. The judge found that the wife's expenses had increased, and that she was unable to cover

the child, the husband had an opportunity to seek a modification from the court, but neglected to do so.

those expenses, even with a minimum wage job, whereas the husband enjoyed increased assets, decreased expenses, and had the ability to support the wife. The judge thus concluded that the wife had carried her burden of demonstrating that a material change in circumstances existed. Compare Pagar, 9 Mass. App. Ct. at 6. Other than the argument discussed above, the husband does not challenge the judge's subsidiary or general findings of facts or conclusions, and we find nothing clearly erroneous there.

The husband's remaining argument is that the emancipation of the couple's only child could not serve as the basis for a determination that there had been a material change in circumstances because that event was anticipated by the parties when they entered their separation agreement. In particular, the husband maintains that Downey v. Downey, 55 Mass. App. Ct. 812 (2002), holds that a party in the position of the wife has the right to raise the issue of alimony at the time of a child's emancipation only when that party explicitly reserved such a right in the separation agreement. However, in Downey, we recognized that a general reservation of the right to revisit alimony, as in this case, "constitutes a tacit acknowledgement that the real financial circumstances of the wife could well change upon the child's emancipation." Id. at 817. This view is in keeping with the general rule that "[c]hanged

circumstances are those that occur subsequent to the judgment of divorce or subsequent to a prior modification." <u>Pizzino</u> v. <u>Miller</u>, 67 Mass. App. Ct. 865, 872 (2006).[4]

2. <u>The alimony reform act</u>. The husband also contends that the judge erred by awarding the wife spousal support indefinitely because the alimony reform act, G. L. c. 208, § 49(<u>f</u>), creates a presumption that any order for support be terminated upon the husband's reaching retirement age. The husband correctly acknowledges that <u>Chin</u>, 470 Mass. at 529, precludes retroactive application of § 49(<u>f</u>) of the act. See <u>Rodman</u> v. <u>Rodman</u>, 470 Mass. 539, 542-546 (2015); <u>Doktor</u> v. <u>Doktor</u>, 470 Mass. 547, 549-550 (2015). Instead, the husband argues that because he was under no obligation to pay spousal support as a result of the original judgment of divorce nisi in 2008, and such an order did not come into existence until the modified judgment of modification entered in 2016, the award of alimony is governed by § 49(<u>f</u>) of the act.

---

[4] Contrary to the husband's claim, this is not a case in which the judge made an order for alimony based simply on the fact that there was a cessation of child support. Here, the judge's subsidiary findings that led to his conclusion that a material change in circumstances had occurred do not even mention the cessation of child support. Instead, they describe the changes in income, expenses, assets, and liabilities of each of the parties. The decision is not based solely on the emancipation of the child, but also on the factors that are appropriate to consider in making an award of general term alimony.

In cases where alimony was not contemplated in the judgment of divorce, an award of alimony thereafter is treated as an initial award of alimony commencing on that date, not an award that relates back in time to the date of the divorce. See Snow v. Snow, 476 Mass. 425, 428-429 (2017) (treating complaints for modification in such cases as initial complaints for alimony). However, the controlling precedent here derives instead from Buckley v. Buckley, 42 Mass. App. Ct. 716 (1997). In Buckley, as in this case, and unlike in Snow, the parties entered into a separation agreement, which was incorporated and merged into the judgment of divorce. In addition, in Buckley, as in this case, the parties' agreement included a waiver by the wife of any claims to present and past alimony, but a reservation of the right to make a claim for alimony in the future. Id. at 720. We reasoned there that in such circumstances, the parties had "expressly addressed the issue of alimony" in their separation agreement (emphasis omitted). Id. at 722. Thus, we concluded that it was proper to treat the complaint as one for modification, rather than as an initial complaint for alimony. Ibid. The same reasoning obtains here. Reserving a right to seek future alimony implies that alimony will "only be sought if the parties' circumstances were significantly different from those extant at the time of the divorce." Id. at 720. It follows, then, that the alimony award here is a modification of

the November, 2008, divorce judgment pursuant to G. L. c. 208, § 17, and, thus, § 49(f) of the alimony reform act does not apply.

The husband further argues that he had a reasonable expectation, based on the separation agreement, that his support obligations would end upon the emancipation of the parties' daughter. However, the express reservation of the wife's right to seek alimony in the future renders any such expectation unreasonable on its face. The agreement reflects a mutual understanding that should circumstances change, the wife would be able to seek spousal support. Had the wife known, at the time of the separation agreement, that future spousal support would terminate upon the husband's retirement, she might have insisted on spousal support initially. This is why the Chin court held that "an order for alimony in a divorce judgment that entered prior to [the act becoming effective on] March 1, 2012, includes, as part of its terms, the standards for modification existing at the time the judgment entered." Chin, 470 Mass. at 535. The husband's argument would require us to retroactively apply the act's presumption in favor of a general term alimony order terminating upon the payor's retirement in violation of the rule in Chin, supra.

Conclusion. The judge's thoughtful findings of fact and rationale reflects that he correctly applied the law at every

stage of this case.  His dismissal of the complaint for alimony, while allowing the complaint for modification to proceed, was entirely appropriate.  His determination that a material change of circumstances existed was wholly within his discretion.  In sum, the judge's award of alimony for an indefinite term was grounded in his consideration of the relevant factors based on the statutory scheme in place at the time of the judgment of divorce, was amply supported by his detailed findings of fact, and was an exercise of sound judicial discretion.

Amended judgment affirmed.