NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

13-P-951                                          Appeals Court

        JILL S. BECKER  vs.  MONT ANDREW PHELPS.


                        No. 13-P-951.

     Middlesex.      June 2, 2014. - August 22, 2014.

          Present:  Green, Trainor, & Grainger, JJ.


Divorce and Separation, Alimony.  Contract, Consideration,
     Waiver.



     Civil action commenced in the Middlesex Division of the
Probate and Family Court Department on August 2, 2012.

     A motion to dismiss was heard by Dorothy M. Gibson, J., and
a motion to alter or amend judgment was considered by her.


     Jill S. Becker, pro se.
     Brian P. Heneghan for the defendant.


     GRAINGER, J.  The parties, formerly married, raise an

interpretive question of first impression under a provision of

the Alimony Reform Act of 2011,[1] G. L. c. 208, § 49(a).

--------

     [1] See St. 2011, c. 124, codified at G. L. c. 208, §§ 34, 48-
55.

Background.  The facts are uncontested.  After eight years of marriage the parties divorced on November 9, 2010.  The parties entered into a separation agreement addressing various topics, including the division of marital assets, payment of the expenses of medical insurance and education for the couple's children, and the parties' respective obligations to maintain life insurance.  Germane to the issue raised on appeal, the parties also stipulated to two lump sum payments of $500,000 in lieu of periodic alimony payments.  The payments were due to be paid by the wife to the husband on or before December 1, 2013, and on or before December 1, 2018.  Unpaid amounts were subject to a four percent annual interest payment commencing December 1, 2011.  These annual payments were terminable upon the death of either party or upon the payment in full of the two lump sums, whichever occurred earlier.  The agreement was incorporated into the judgment of divorce, specifically provided that it would survive the judgment, and contained no other provision for termination of these enumerated obligations.[2]

---

[2] The pertinent language of the agreement is as follows:

"(2.) The parties both waive their respective rights to receive periodic alimony payments from the other party, past, present and future.  The parties' respective waivers of alimony shall survive the entry of a Judgment of Divorce Nisi.  In consideration for the Husband's waiver of periodic alimony from the Wife, the Wife shall pay to the Husband the sum of $500,000.00 on or before December 1, 2013, and a further sum of $500,000.00 on or before

The husband remarried in June of 2012, after the first four percent annual payment was made. Shortly thereafter the wife filed a complaint for declaratory relief in the Probate and Family Court asserting that all alimony obligations "were terminated by operation of law." She appeals from the dismissal of her complaint and the subsequent denial of her motion to alter or amend the judgment. For the reasons set forth below we affirm.

Proceedings in the Probate and Family Court. The husband's motion to dismiss the wife's complaint relied on the Supreme Judicial Court's statement in Keller v. O'Brien, 420 Mass. 820, 826 (1995), that remarriage would "not of itself automatically terminate alimony" unless "otherwise provided in the judgment of divorce or in an agreement between the parties." The wife

---

December 1, 2018, as non-taxable alimony to the Husband, and non-deductible by the Wife. In addition, the Wife shall pay to the Husband annually commencing Dec. 1, 2011, an amount for alimony equal to 4% of the outstanding indebtedness for lump sum alimony referred to above. This annual alimony payment and only the annual alimony payment, shall be taxable to the Husband and deductible by the Wife, and shall terminate on the Husband's death, the Wife's death or the payment of all sums due for lump sum alimony, whichever first occurs.

" . . .

"(16.) This agreement shall survive the judgment of divorce except as provisions relating to the children."

countered this citation with a motion for judgment on the pleadings invoking G. L. c. 208, § 49(a), a provision of the Alimony Reform Act which became effective on March 1, 2012, and provides that "[g]eneral term alimony shall terminate upon the remarriage of the recipient." The wife also pointed to St. 2011, c. 124, § 4(b), which provides that "[e]xisting alimony awards shall be deemed general term alimony."[3]

In a further response the husband invoked St. 2011, c. 124, § 4(c),[4] which states that certain enumerated sections of c. 208, including § 49 on which the wife relied, do not "provide a right to seek modification of an existing alimony judgment . . . . in which the parties have expressed their intention that their agreed alimony provisions survive the judgment and therefore are not modifiable." The wife thereupon disputed the applicability of § 4(c) with the argument that she was not seeking to "modify" a surviving agreement but, rather, to eliminate it.

The judge discharged her unenviable task of distilling these numerous salvos by dismissing the wife's complaint with a succinct order noting the parties' agreement to incorporate the stipulation into a judgment, and the clear language that it would survive the judgment. The judge pointed out that the

---

[3] This language appears in the text of the Alimony Reform Act, as approved September 26, 2011, but it does not appear in the text of the published volume of G. L. c. 208, §§ 48-55.

[4] See note 3, supra.

Alimony Reform Act was pending at the time the parties entered into the agreement, and that the lump sum payments were inextricably entwined with a general asset and property division which was "fair and reasonable."

Discussion. In their agreement, the parties denominated the lump sum payments in question here not as "alimony," but as payments made as consideration for the husband's "waiver of periodic alimony." Two sentences later, in the same document, the four percent interest payments due on unpaid portions of the lump sum payments are described as "annual alimony payment[s]."

We conclude that the judgment of divorce, incorporating the language of the agreement, renders the four percent interest payments alimony. The lump sum payments, however, are specifically classified as payments that are not alimony, but replace it. The legal arguments advanced by the parties, both in the Probate and Family Court and on appeal, refer exclusively to alimony obligations. As it does not change the result in either instance, we affirm the judge's decision on two different rationales.

1. Lump sum payments. As stated, the complaint does not properly address this obligation. The termination of all alimony payments resulting from remarriage alleged by the wife, even if correct, would not affect payments that the wife herself agreed to make in consideration of the husband's waiver of

alimony.  The judge's finding that the over-all division of marital property was "fair and reasonable" is particularly pertinent in this context.[5]

2.  Four percent interest payments.  We consider these payments, agreed upon to provide the husband with income generated by the unpaid amount of the lump sum funds (and possibly as an incentive for the wife to pay the lump sum prior to the due dates) to be alimony, consistent with the language used by the parties.  Accordingly, we consider the statutory provisions invoked by the parties.

We do not view the Alimony Reform Act as a direct contradiction of the holding in Keller v. O'Brien, 420 Mass. at 826-827.  Rather, it represents a change of emphasis in that alimony, deemed not to terminate "automatically" by the Supreme Judicial Court in Keller, now cannot be modified under the statute if the parties have agreed that alimony survives the judgment of divorce.  See St. 2011, c. 124, § 4(c).  As the husband aptly points out, the parties' agreement in this case provides that it shall survive the judgement of divorce, excepting only the provisions relating to the children.

---

[5] Even were the lump sum payments properly characterized as alimony, dismissal of the complaint was proper for the reasons enunciated in our consideration of the four percent interest payments.

We consider the wife's argument that she is not seeking to "modify" alimony, hence that St. 2011, c. 124, § 4(c), is inapplicable here, unavailing.  The clearly expressed legislative intent of the statute is to provide finality to alimony agreements that the parties have designated as final, either by designating them as "not modifiable" or achieving the same result by agreeing that alimony provisions shall "survive the judgment."  In this context we consider termination to be no more than a maximum form of modification, all the more disfavored as a result.  We note the use of interspersed terms such as "suspended, reduced or terminated" in describing the consequence of a recipient spouse's cohabitation, G. L. c. 208, § 49(d), as well as the use of "modified in duration" as a substitute for termination.  G. L. c. 208, § 49(e).  The wife's argument, taken to its logical conclusion, would interpret the statute to prohibit reduction of an alimony obligation to one dollar, but to allow elimination altogether.  See, e.g., Bridgewater State Univ. Foundation v. Assessors of Bridgewater, 463 Mass. 154, 160 (2012) (court should adopt statutory interpretation that is most "reasonable and sensible in the circumstances"), citing Mailhot v. Travelers Ins. Co., 375 Mass. 342, 348 (1978) (where strict, literal interpretation of statute "is seen . . . to lead to an awkward and even intolerable

result, [it will be] abandoned for a more liberal or more encompassing approach").[6,7]

Judgment affirmed.

Order denying motion to amend judgment affirmed.

---

[6] We also note that in Keller v. O'Brien, supra at 822 & n.3, the Supreme Judicial Court treated a complaint for modification as the appropriate vehicle through which to seek termination of alimony payments upon remarriage of the payor spouse.

[7] We decline to award appellate attorney's fees and costs as requested by the husband.