NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

14-P-1057                                      Appeals Court

SUSAN F. McMANUS  vs.  PETER G. McMANUS.

No. 14-P-1057.

Middlesex.     March 2, 2015. - August 11, 2015.

Present:  Katzmann, Milkey, & Agnes, JJ.

Divorce and Separation, Alimony, Modification of judgment,
     Separation agreement.  Practice, Civil, Summary judgment.

Complaint for divorce filed in the Middlesex Division of
the Probate and Family Court Department on November 12, 2004.

A complaint for modification was heard by Jeffrey A.
Abber, J., on a motion for summary judgment.

Amy J. Devaney for the wife.
Kathleen P. Ryder for the husband.

AGNES, J.  The question presented for our review is whether

a separation agreement (agreement) that merged in part and

survived in part a judgment of divorce nisi, and that contains a

waiver of any claim for "past or present alimony," constitutes

an agreement to waive a party's claim for alimony in the future.

A judge of the Probate and Family Court concluded that it did, and he allowed the former husband's (defendant's) motion for summary judgment.  We conclude that when read in its entirety, the agreement contains an omission with regard to either party's right to file a complaint for modification seeking future alimony that precludes a determination, at this stage, of the parties' intent.  Accordingly, the plaintiff should have an opportunity to offer parol evidence to enable the judge to determine the intent of the parties concerning future alimony.  We vacate the judgment and remand the matter for further proceedings.

Background.  The essential facts are not in dispute.  Both parties were represented by counsel during the divorce proceedings.  A judgment of divorce nisi entered on January 30, 2006.  It provided in relevant part as follows:  "It is . . . ordered that the parties shall comply with the terms of an Agreement dated January 30, 2006, filed, incorporated and not merged in this Judgment which shall survive and have independent legal significance, except for provisions relating to the children, and medical insurance, which provisions shall merge and not survive."  The general rule is that unless the parties intend otherwise, a separation agreement survives a judgment of divorce that incorporates the agreement by reference.  See Subarian v. Subarian, 362 Mass. 342, 345 n.4 (1972).  Under the

terms of the divorce judgment, the agreement survives as a contract with independent legal significance insofar as it addresses the subject of alimony.[1]  The question is whether the parties intended that the reference to alimony "past and present" to encompass future alimony as well.  The intent of the parties "is determined from the whole agreement."  See Parrish v. Parrish, 30 Mass. App. Ct. 78, 83 (1991).

The agreement consists of fifteen sections and a series of six exhibits that are attached to and incorporated by reference into the agreement.  At the outset, the agreement's "Statement of Facts" provides that the parties were married in 1983, that they have three children (at the time, ages twenty, sixteen, and twelve), and that the parties had been living apart since

---

[1] The parties' intent that certain aspects of the agreement survive is demonstrated by section IX of the agreement, entitled "Incorporation, Survival & Merger of Agreement," which provides in part that "[n]otwithstanding the incorporation of this Agreement in the Judgment Nisi, all of the provisions of the Agreement except as to those pertaining to health insurance and the care, custody, support, maintenance, welfare and education of the parties' minor children, shall survive the Judgment Nisi and be forever binding upon the Husband and the Wife and their heirs, executors, administrators and assigns for all time, retaining independent legal significance as a valid and binding contract between the parties."  In contrast, "[w]hen parties to a divorce negotiate an agreement for alimony that is 'incorporated and merged into [such a] judgment' upon approval by a judge and in accordance with G. L. c. 208, § 1A or 1B, the judgment . . . is subject to modification based on a material change in circumstances."  Chin v. Merriot, 470 Mass. 527, 534-535 (2015).

October 13, 2003.  The agreement's "Statement of Purpose" recites that it is to "settle and determine" four issues:  "(a) What should be paid as alimony . . . ; (b) What the equitable division of the marital assets should be . . . ; (c) What provisions should be made for the support and maintenance of the parties' minor children . . . ; and (d) All other matters, issues, rights, obligations and claims by and between the parties arising from the marital relationship and which should be settled in view of the existing Complaint for Divorce."[2] Section VI of the agreement refers to the six exhibits, which

---

[2] Much of the agreement contains boilerplate language frequently found in separation agreements. For example, section II of the agreement consists of a joint waiver of any interest either party might otherwise have in the other's estate "except to enforce any obligation imposed by this Agreement."  Section III contains a set of mutual releases whereby "the Husband and Wife hereby mutually release and forever discharge each other from any and all actions, suits, debts, claims, demands and obligations whatsoever, both in law and in equity, which either of them has ever had, now has, or may hereafter have against the other, upon or by reason of any matter, cause or thing up to the date of this Agreement."  Section IV is a "warranty against debts," which has no bearing on the issue in this case.  Section V provides in relevant part that "[t]he parties each agree to accept the provisions set forth in this Agreement in full satisfaction and discharge of all claims, past and present which either may have against the other party and which in any way arise out of the marital relationship, including all such rights as either party may have, or claim to have, under the terms and provisions of G. L. c. 208, [§] 34. Each party further agrees that, except for enforcement of this Agreement, he and she will not seek from any court having jurisdiction over the parties any order that is inconsistent with the provisions set forth in this Agreement."

address (1) custody (exhibit A); (2) alimony and child support (exhibit B); (3) medical and dental expenses (exhibit C); (4) education expenses (exhibit D); (5) life insurance expenses (exhibit E); and (6) property division (exhibit F).[3]  The agreement contains no language concerning future alimony obligations, providing solely that each party "hereby waives any claim against the [other] for the receipt of past or present alimony."

---

[3] Section VII of the agreement states that each party has had full discovery, independent legal advice, and voluntarily consents to the terms of the agreement.  Furthermore, section VII states that "[t]he parties further acknowledge and declare that this Agreement contains the entire agreement between them. There are no agreements, promises, terms, conditions or understandings and no representations or inducements leading to the execution of this Agreement, either expressed or implied, other than those terms expressly set forth in this Agreement. No oral statement or prior written matter extrinsic to this Agreement shall have any force or effect. Each party declares that they do not have any undisclosed assets."  Section VIII of the agreement deals with the execution of documents and notice and has no bearing on the issue in this case.  Section X provides that if the parties cannot agree on the interpretation of any provision, the dispute shall be submitted to the Probate and Family Court.  Section XI provides that a party will not be deemed to have waived any right simply because he or she did not insist on strict enforcement of a particular term or provision. Section XII provides that if any provision is deemed to be invalid it will not affect the validity of other provisions. Section XIII provides that the agreement takes effect on January 30, 2006, and is governed by the law of the Commonwealth. Finally, section XIV provides that the agreement "shall not be altered or modified except by an instrument in writing signed and acknowledged by the Husband and the Wife or by order of a Court having competent jurisdiction."

On October 1, 2013, the plaintiff filed a complaint for modification, which states in relevant part, that the plaintiff "is in need of support in the form of alimony now that the defendant intends to terminate the payment of child support." By motion dated March 17, 2014, the defendant sought summary judgment on the plaintiff's complaint.[4]  On May 5, 2014, the judge allowed the defendant's motion, reasoning that "[w]here parties have expressly set forth that the 'Agreement is made to settle and determine . . . what should be paid as alimony . . .', the Court is entitled to infer that the agreement addressed future alimony [quoting from Cappello v. Cappello, 23 Mass. App. Ct. 941 (1986)]".

Discussion. Future alimony.  The plaintiff argues that because the agreement contains an explicit waiver of either party's right to a claim for "past and present" alimony, and is silent with regard to any future alimony obligations, the issue of whether the parties intended to address the potential for future alimony is a question of material fact that precludes the allowance of summary judgment.  See Seaco Ins. Co. v. Barbosa,

---

[4] The defendant filed the motion for summary judgment after first responding to the complaint by answer and a counterclaim for modification.  In the counterclaim, the defendant sought to terminate his child support obligations to the plaintiff and demanded that the plaintiff begin paying the defendant child support.  The parties have not addressed the counterclaim or its status in this appeal, and we do not address it here.

435 Mass. 772, 779 (2002) (where terms of contract "are ambiguous, uncertain, or equivocal in meaning, the intent of the parties is a question of fact to be determined at trial").

"The standard of review of a grant of summary judgment is whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law." Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991). See Mass.R.Dom.Rel.P. 56(h). In interpreting a surviving or partially surviving separation agreement, the rule is that "a judge should respect 'the desire of the parties to determine their own destinies.'" Bercume v. Bercume, 428 Mass. 635, 644 (1999), quoting from Moore v. Moore, 389 Mass. 21, 24 (1983). In particular, "[w]e must construe the [separation] agreement in a manner that 'appears to be in accord with justice and common sense and the probable intention of the parties . . . [in order to] accomplish an honest and straightforward end [and to avoid], if possible, any construction of a contract that is unreasonable or inequitable.'" Krapf v. Krapf, 439 Mass. 97, 105 (2003), quoting from Clark v. State St. Trust Co., 270 Mass. 140, 153 (1930). However, whether a separation agreement is ambiguous is a question of law, and we review the issue de novo. Lalchandani v. Roddy, 86 Mass. App. Ct. 819, 823 (2015).

Here, we cannot say that the agreement permits a judge to determine the intent of the parties with respect to future alimony simply by reference to the terms used by the parties. The issue of the intent of the parties regarding future alimony obligations is therefore a question of material fact that cannot be resolved on a motion for summary judgment at this stage. See Pierce v. Pierce, 455 Mass. 286, 305 (2009) (where language of separation agreement is "not so clear and unequivocal as to permit the judge" to determine intent of parties, parol evidence is admissible to explain parties' intent).[5]

Massachusetts case law indicates that parties express their mutual agreement to waive any and all claims for alimony in separation agreements by using the phrase "past, present, and future." See, e.g., Fabrizio v. Fabrizio, 316 Mass. 343, 345 (1944); Taylor v. Gowetz, 339 Mass. 294, 296 (1959); O'Brien v. O'Brien, 416 Mass. 477, 480 (1993); Mills v. Mills, 4 Mass. App. Ct. 273, 274 n.2 (1976); Becker v. Phelps, 86 Mass. App. Ct. 169, 170 n.2 (2014). Compare Buckley v. Buckley, 42 Mass. App.

---

[5] See also Freeman v. Sieve, 323 Mass. 652, 655-656 (1949) (where separation agreement that survived as independent contract was unclear regarding obligations of parties court must read "the entire agreement" to ascertain intent of parties); Feakes v. Bozyczko, 373 Mass. 633, 634 n.2, 635 (1977) (where separation agreement that survived as independent contract was ambiguous regarding obligations of parties, court must look to the intent of parties to determine "objective sought to be accomplished by the parties").

Ct. 716, 720 (1997) (parties' separation agreement expressly reserved whether alimony would be paid in future); Vedensky v. Vedensky, 86 Mass. App. Ct. 768 (2014) (separation agreement contained reservation of rights as to future alimony). The agreement here is silent regarding the payment of alimony in the future. A reading of the agreement in its entirety does not resolve the ambiguity.[6] "[W]here a contract is so expressed as to leave its meaning obscure, uncertain or doubtful, evidence of the circumstances and conditions under which it was entered into are admissible, not to contradict, enlarge or vary its terms by parol, but for the purpose of ascertaining the true meaning of its language as used by the parties." Waldstein v. Dooskin, 220 Mass. 232, 235 (1915). See Robert Indus., Inc. v. Spence, 362 Mass. 751, 753-754 (1973) ("When the written agreement, as applied to the subject matter, is in any respect uncertain or equivocal in meaning, all the circumstances of the parties leading to its execution may be shown for the purpose of

---

[6] In their briefs and at oral argument, the parties acknowledged that the terms of the agreement were the product of negotiation between the parties. The defendant asserts that he "did not agree to the Marital Agreement containing any obligation for future alimony." The parties' negotiations are not part of the record in this case, and we cannot therefore consider representations in the briefs about the positions taken by the parties during the negotiation. Further, even if the defendant's assertion is true, it does not alter the fact that the parties' agreement is ambiguous on the question of future alimony.

elucidating, but not of contradicting or changing its terms").
We conclude that the separation agreement is "ambiguous,
uncertain, [and] equivocal" with regard to whether a party is
free to request future alimony, and therefore "the intent of the
parties is a question of fact to be determined [by the fact
finder]." Seaco Ins. Co. v. Barbosa, 435 Mass. at 779. See 11
Lord, Williston on Contracts § 30:7 (4th ed. 2012).[7]

In concluding that the defendant's motion for summary
judgment should be allowed, the probate judge erroneously relied
on Cappello v. Cappello, supra, to infer that, viewing the
evidence in the light most favorable to the plaintiff, the
parties intended to address in the agreement their future
alimony obligations. The court in Cappello did not conclude
that the language of the separation agreement at issue barred a
hearing under G. L. c. 208, § 34, to determine whether there
should be an award of alimony; instead, the court concluded that

---

[7] See also Cramer v. Hirsch, 18 Mass. App. Ct. 986 (1984)
(where separation agreement that survived divorce judgment as
independent contract did not address subject of child retaining
the father's surname, separation agreement did not contemplate
any obligation related to the name of child). Contrast Bracci
v. Chiccarelli, 53 Mass. App. Ct. 318, 320-321 (2001)
(separation agreement that survived divorce judgment and
subsequent modification judgment as independent contract
encompassed all alimony obligations where agreement included
explicit waiver by each party of "all claim to past, present or
future alimony").

in the circumstances presented, the party seeking the hearing on the issue "failed to allege any change of circumstances which would warrant a hearing on the issue." 23 Mass. App. Ct. at 942. Further, unlike the agreement in this case which explicitly addresses the parties' "past and present" alimony obligations while remaining silent about the parties' future alimony obligations, the separation agreement in Cappello "made no reference, explicit or otherwise, to questions of alimony or the division of property" (emphasis added). Ibid. (inferring that separation agreement between parties encompassed division of property because agreement explicitly purported to be final settlement of parties' affairs and included "no reference" to division of property).[8]

_____

[8] As noted in the text, supra at    , the critical question in any case in which the interpretation of an agreement that survives the judgment of divorce in whole or in part is the intent of the parties, determined by examining the agreement as a whole. See DeCristofaro v. DeCristofaro, 24 Mass. App. Ct. 231, 237-238 (1987). In this case, we conclude that the omission of any reference to "future" alimony, in the context of the agreement as a whole, creates an ambiguity as to the intent of the parties, and thus summary judgment was not appropriate. We do not decide that it is necessary in every case to make express reference to "future" alimony in an agreement in order for it to reflect the intent of the parties with regard to future alimony.

Conclusion.  For the above reasons, the judgment is vacated and the matter is remanded to the Probate and Family Court for further proceedings consistent with this opinion.[9]

So ordered.

---

[9] We express no opinion on the final outcome of the case. It should be noted that either party may be entitled to summary judgment after remand.  Depending on the nature of any parol evidence that is offered with regard to the intent of the parties at the time the agreement was signed, the judge could decide that there was mutual intent to leave the matter of future alimony open and grant summary judgment to the wife on that question, or conclude that there was mutual intent to foreclose any complaint for modification to obtain alimony and award summary judgment to the husband.  Alternatively, the question of the parties intent with regard to future alimony may remain a disputed question of material fact after the judge considers parol evidence, in which case there would have to be a trial on that question.