The husband appeals from an amended judgment of modification dated January 5, 2017, that awarded alimony to the wife. The husband raises two primary issues on appeal. First, he contends that the judge erred in finding that the parties' separation agreement (agreement) was ambiguous. That argument is foreclosed, however, because it is contrary to the position the husband took below.[2] See Fortin v. Ox-Bow Marina, Inc., 408 Mass. 310, 323 (1990), quoting from Davis v. Wakelee, 156 U.S. 680, 689 (1895) ("[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position"). Second, the husband argues that the judge's finding that the parties intended the separation agreement to merge into the divorce judgment is clearly erroneous. Third, he argues that the judge abused her discretion in setting the amount of alimony. We affirm.
After a bench "trial by representation"[3] the judge found from the language of the agreement as a whole, coupled with the language in the divorce judgment, that the parties intended that the separation agreement merge into the judgment of divorce. See Parrish v. Parrish, 30 Mass. App. Ct. 78, 83 (1991) ("In determining whether or not the parties' separation agreement survives a judgment of divorce, it is the intent of the parties" that controls). We review this factual finding, see McManus v. McManus, 87 Mass. App. Ct. 864, 867 (2015) (intent of the parties is a question of fact), to determine if it is "clearly erroneous." Basis Technology Corp. v. Amazon.com, Inc., 71 Mass. App. Ct. 29, 36 (2008). "A finding is 'clearly erroneous' only when, 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " Ibid., quoting from Demoulas v. Demoulas Super Mkts., Inc., 424 Mass. 501, 509 (1997).
We discern no clear error here. The agreement itself provides that "[i]t is the intent of the [p]arties that all other provisions of the Agreement also merge" (emphasis supplied).[4] The "Interpretation of this Agreement" section of the agreement provides that "all provisions that pertain to child support, visitation, and the education of the children be incorporated and merged into the judgment of divorce." In the following paragraph comes the language that "all other provisions of the Agreement also merge and be thereafter forever binding." Looking to these provisions, the finding of the judge that the separation agreement merged into the divorce judgment is supported by the repeated mention of merger. Thus, the judge's finding concerning the parties' intent was not clearly erroneous.
Finally, the husband argues that the judge awarded excessive alimony when she awarded thirty percent of the gross difference in the parties' incomes-resulting in an amount the husband contends exceeds the wife's needs. However, the husband's argument ignores the disjunctive operation of G. L. c. 208, § 53(b ), inserted by St. 2011, c. 124, § 3, which provides that alimony "should generally not exceed the recipient's need or 30 to 35 per cent of the difference between the parties' gross incomes established at the time of the order being issued" (emphasis supplied). See Commissioner of Rev. v. McGraw-Hill, Inc., 383 Mass. 397, 400 n.3 (1981), quoting from Commonwealth v. Olivo, 369 Mass. 62, 67 n.4 (1975) ("The word 'or' is given a disjunctive meaning unless the context and the main purpose of all the words demand otherwise"). Because the judge's alimony award falls within the limits allowed by the statute, it cannot be said to be plainly wrong or excessive.
The husband further argues that, even when an alimony award is within the percentage range allowed in G. L. c. 208, § 53(b ), it must not result in raising the recipient spouse's income above the marital standard of living. Whatever the merits of this argument might be in the abstract, it simply does not apply on the facts here. The judge found that the wife had been able to maintain the marital standard of living in part through the husband's child support payments. Once both children became emancipated, that source of income disappeared and the wife's reduced income was insufficient to meet her needs. The alimony award was designed to compensate for this reduction in income and to maintain the wife's former marital standard of living. Given that calculus, the award is neither plainly wrong nor excessive.
Amended judgment affirmed.

Even were we to review the question de novo, see Lalchandani v. Roddy, 86 Mass. App. Ct. 819, 823 (2015) ("The question whether a contract is ambiguous is a question of law, as is the interpretation of a separation agreement.... We review these claims de novo"), and conclude that the contract language is ambiguous with respect to merger, our outcome would not be affected because, as we explain later, the judge's finding as to the parties' intent is not clearly erroneous.

In a trial by representation, the facts are presented through the unsworn oral statements of counsel. The parties agreed to this procedure below, neither side raising any objection to it then or now.

We acknowledge that the provision continues by stating that the provisions of the agreement will "be thereafter forever binding" (emphasis supplied) upon the parties, and that such language is inconsistent with merger, see, e.g., Moore v. Moore, 389 Mass. 21, 22 (1983). However, inconsistencies in the evidence were for the trial judge to resolve, not us. Our task is merely to determine whether the judge's finding regarding the parties' intent was clearly erroneous-not whether the evidence was uncontradicted.