The former husband, Robert Walczak (husband), appeals from a judgment dismissing his complaint for contempt against the former wife, Bridget Driscoll (wife), in connection with their daughter's college selection process. He contends that the judge abused his discretion in determining that the wife did not disobey a clear and unambiguous order of the Probate and Family Court. We affirm.
Background. The parties divorced in September, 2009. Their separation agreement, which was incorporated and merged into the divorce judgment, provided in relevant part, "The parties agree to cooperate with each other and agree that the choice of educational programs and institutions for their child/ren shall be made on the basis of joint consultation with due regard for the parties' financial circumstances and the child/ren's aptitudes, interests, desires and abilities." The parties further agreed that they would "each contribute to the cost of the child/ren's education," after exhausting financial aid options.
On June 29, 2016, the wife sent the husband an electronic mail message stating that the parties' daughter "will be attending college at Tyler School of Art at Temple University in Philadelphia in the fall," and that the wife "hope[d]" the husband would be "willing to help finance her college education." The husband responded on July 7, 2016, that he was "happy and excited" for their daughter, and "very proud of her accomplishments and that she will be attending College." He asked the wife to send him "all of [the daughter's] information and invoices, statements, etc. so [he could] review them and see how best [he could] help her."
In January, 2017, after the daughter had started college, the husband filed a complaint for civil contempt alleging that the wife violated the terms of the separation agreement by failing to consult with him regarding their daughter's choice of college. Following a trial at which the husband and the wife testified, the judge dismissed the husband's complaint for contempt, finding that, "With respect to the consultation language relative to education expenses referenced in the parties['] Separation Agreement, the [husband] has failed to prove a clear and unambiguous violation of a Court order, therefore, judgment is entered for the [wife]."
Discussion. On appeal, the husband argues that it was an abuse of discretion to dismiss his complaint, as the wife's obligation to consult with him prior to selecting a college for their daughter was clear on the face of the separation agreement. He contends that the wife did not consult with him until after the college selection was a "fait accompli."
In an action for civil contempt, the petitioner has the burden to prove "by clear and convincing evidence" the alleged contemnor's "disobedience of a clear and unequivocal command." Birchall, petitioner, 454 Mass. 837, 853 (2009). "Where the order is ambiguous or the disobedience is doubtful, there cannot be a finding of contempt." Id. at 852, quoting Judge Rotenberg Educ. Ctr., Inc. v. Commissioner of the Dep't of Mental Retardation (No. 1), 424 Mass. 430, 443 (1997). "[W]hether a separation agreement is ambiguous is a question of law, and we review the issue de novo." McManus v. McManus, 87 Mass. App. Ct. 864, 868 (2015).
We agree with the judge that the joint consultation provision relating to college selection does not provide a clear command to the parties. As the wife notes, the language raises more questions than it answers. For example, the provision is silent as to which party must initiate the joint consultation, when that consultation must occur, the effect of the child's desire to attend a specific college, or the appropriate course of action if the parties cannot agree. To be sure, the timing of the wife's notice of the daughter's decision to attend a particular college did not provide the husband with much of an opening for consultation. Nonetheless, the "vague or ambiguous language" of the joint consultation provision does not furnish "the 'clear and unequivocal command' necessary to support an action for contempt." Sax v. Sax, 53 Mass. App. Ct. 765, 772-773 (2002). Accordingly, the judge did not err in finding that the husband failed to prove the alleged contempt or in dismissing the husband's complaint.[2]
Judgment affirmed.

Both parties' requests for appellate attorney's fees are denied.