NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1471

HOWARD POSNER[1]

vs.

ANNA HILTON & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This appeal arises from a dispute over the validity of the beneficiary designations listed on the life insurance policy, the transfer on death (TOD) account, and the individual retirement account (IRA) of the late Paul Hilton (decedent). The decedent's long-term romantic partner, the plaintiff, Marianne Hilliard, filed a complaint for declaratory judgment,

---

[1] During the pendency of this appeal, the plaintiff, Marianne Hilliard, died.  Pursuant to Mass. R. A. P. 30 (a), as appearing in 481 Mass. 1661 (2019), Howard Posner was substituted for the plaintiff in his capacity as executor of the plaintiff's estate.

[2] James Hilton.  Life Insurance Company of North America (LINA) (labeled as "Cigna Healthcare Inc.") and Fidelity Brokerage Services LLC (Fidelity) were also named as defendants in the plaintiff's complaint.  The parties later stipulated to the dismissal of LINA and Fidelity as defendants.

seeking disbursement of those accounts to her as the named beneficiary. The decedent's children, defendants James Hilton and Anna Hilton, contested disbursement of the accounts, arguing that the beneficiary designations were invalid. Summary judgment entered for the plaintiff, and the defendants appealed. We affirm.

Background. Viewed in the light most favorable to the defendants, the nonmoving parties, see McManus v. McManus, 87 Mass. App. Ct. 864, 867 (2015), the summary judgment record establishes the following material facts. At the time of the decedent's death in August 2021, he held a life insurance policy through Life Insurance Company of North America (LINA), a TOD account through Fidelity Brokerage Services LLC (Fidelity), and an IRA through Fidelity. The plaintiff was designated as the beneficiary of the LINA account, effective July 7, 2017. On January 17, 2019, at 9:54 A.M., the plaintiff was again designated as the beneficiary of the LINA account through an electronic transaction. The defendants proffered evidence, obtained from the decedent's Google account history, that on January 17 at 9:21 A.M., the decedent had used Google Maps to search for directions to his workplace from the vicinity of his home, which, according to defendant James Hilton's affidavit, was approximately a forty-five minute drive.

2

On August 20, 2019, at approximately 7:50 P.M., an electronic update to the two Fidelity accounts designated the plaintiff as the one hundred percent beneficiary.  No beneficiary had been listed on the Fidelity accounts until these changes were made, and no contingent beneficiaries were ever named.  The defendants produced additional evidence from the decedent's Google account history showing that on August 20 at 6:44 P.M., he had searched for directions from his workplace to his home.  At 7:23 P.M., he received a call on his cell phone that lasted eight minutes and nine seconds.  At 8:26 P.M. and three subsequent times that evening, he used an application on his phone called StreamLabs.

Acting on the plaintiff's motion for summary judgment, the judge concluded that the defendants had not presented evidence of the decedent's incapacity.  As to the defendant's allegation that the plaintiff fraudulently made the beneficiary designations herself without the decedent's consent, the judge concluded that "the gulf between what the documents show and what [d]efendants must prove is simply too large to create a material issue of fact."

Discussion. 1. Motions to compel.  The defendants argue that they were prejudiced by the denial of multiple motions to compel discovery because they were denied access to items that were critical to proving the plaintiff's fraud.  Specifically,

3

they argue that the plaintiff failed to produce hard drives and other tangible electronic storage devices in response to the defendants' request for production of documents.

In contesting the validity of the beneficiary designations, the defendants sought to depose the plaintiff and served interrogatories and requests for production of documents.  The documents requested included communications, mail, forms, telephone records, and statements.  The defendants subsequently filed a motion to compel, in which, among other things, they "demanded" that "documents/hard drives be produced."  The judge appointed a special discovery master and set a date for the close of discovery.  The special master denied the defendants' motion to compel production of hard drives, stating, "There were no requests of any kind seeking hard drives.  Plaintiff is not required to turn over the same."  After the close of discovery, the defendants filed two more motions to compel, which the judge denied except to permit the defendants' deposition of the plaintiff to go forward.  The plaintiff's deposition took place, but the defendants' counsel suspended the proceeding and filed another motion to compel the production of computer-related materials.  After a hearing at which the discovery master was brought before the court, the judge denied the motion.

"In general, we uphold discovery rulings unless the appellant can demonstrate an abuse of discretion that resulted

4

in prejudicial error" (quotation and citation omitted).
Commissioner of Revenue v. Comcast Corp., 453 Mass. 293, 302
(2009).  We do not reverse for abuse of discretion unless the
judge made "a clear error of judgment in weighing the factors
relevant to the decision, such that the decision falls outside
the range of reasonable alternatives" (quotation and citation
omitted).  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

The defendants argue that it was error not to compel the
plaintiff to produce her computer hard drives because hard
drives were subsumed in their request for "documents," which
they defined by reference to Mass. R. Civ. P. 34 (a), as
amended, 474 Mass. 1402 (2016), that is, "any designated
documents or electronically stored information -- including
writings, drawings, graphs, charts, photographs, sound
recordings, images and other data or data compilations -- stored
in any medium from which information can be obtained."
Mass. R. Civ. P. 34 (a) (1) (A).  As it appears that this issue
was not raised or argued to the special master or the judge, the
defendants may not argue it for the first time on appeal.  See
Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006).  In
any event, the argument is unavailing.  While parties have the
general obligation to make a diligent search for reasonably
accessible, electronically stored information, cf.
Mass. R. Civ. P. 26 (f), 466 Mass. 1404 (2013), a request for

5

such documents does not require producing the medium on which they are stored.  Nor does the definition of "document" in rule 34 (a) (1) (A) encompass tangible items such as hard drives.  Rather, the very next sentence of rule 34 allows parties to request "any designated tangible things."  Mass. R. Civ. P. 34 (a) (1) (B).  The inclusion of "tangible things" in a separate subpart of the rule implies a distinction between "tangible things" and "documents."  See Plymouth Retirement Bd. v. Contributory Retirement Appeal Bd., 483 Mass. 600, 604 (2019) (express language of statute "demonstrates that the Legislature constructed the latter provision to work together with the former").

The defendants fare no better by arguing that because they were unable to obtain the plaintiff's electronic storage devices, the plaintiff obstructed "the appropriate management of an estate by the heirs at law" or that the plaintiff's actions amounted to spoliation of evidence.  These arguments too were waived by the defendants' failure to raise them at the trial court level, and are likewise unavailing.  To the extent the plaintiff's actions obstructed the management of the estate, that claim is irrelevant to the issues presented in the plaintiff's complaint for declaratory relief with respect to the LINA and Fidelity accounts.  Nor have the defendants shown that the plaintiff "negligently or intentionally lost or destroyed

6

evidence known to be relevant" to the case.  <u>Keene</u> v. <u>Brigham &</u>
<u>Women's Hosp., Inc.</u>, 439 Mass. 223, 234 (2003).  The defendants
presented no evidence that hard drives or other tangible
electronic storage items were lost or destroyed.  To the
contrary, they concede in their brief that the plaintiff had the
requested items in her possession.

Moreover, the defendants have not demonstrated prejudice
from the denial of their motions to compel.  Other than the
conclusory statement that "electronic activities and computer
kept logs are of paramount importance to the theory of the
defendants," they do not explain what evidence they expected to
obtain from the hard drives or how it would be relevant to their
case.  The defendants have not demonstrated that, in denying
their motions to compel, the special master erred or committed
clear error.  See <u>Imbrie</u> v. <u>Imbrie</u>, 102 Mass. App. Ct. 557, 569
(2023) ("Under [Mass. R. Dom. Rel. P.] 53, we review a master's
findings for clear error, while reviewing conclusions of law de
novo").  Nor have they demonstrated that the judge failed to
consider the relevant factors or that her conclusions were
outside the range of reasonable alternatives.  See <u>L.L.</u>, 470
Mass. at 185 n.27.

2.  <u>Summary judgment</u>.  "The standard of review of a grant
of summary judgment is whether, viewing the evidence in the
light most favorable to the nonmoving party, all material facts

7

have been established and the moving party is entitled to a judgment as a matter of law." Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991). "Where the opposing party will have the burden of proof at trial, the moving party must demonstrate, by reference to materials properly in the summary judgment record, unmet by countervailing materials, 'that the party opposing the motion has no reasonable expectation of proving an essential element of that party's case.'" Carey, 446 Mass. at 278, quoting Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).

The plaintiff made such a demonstration here. Had this case gone to trial, the defendants would have borne the burden of proving that the designations were fraudulently made by the plaintiff.[3] See Cleary v. Cleary, 427 Mass. 286, 290 (1998) ("In general, a party challenging a will or other document on the ground that it was procured through fraud or undue influence bears the burden of proving the allegation by a preponderance of the evidence"). To demonstrate that the defendants had no reasonable expectation of proving those claims, the plaintiff submitted evidence from LINA and Fidelity that the beneficiary designations were valid on their face at the time of the

---

[3] On appeal, the defendants do not raise any argument regarding incapacity; accordingly, we need not reach the issue. See Cubberley v. Commerce Ins. Co., 495 Mass. 289, 292 n.6 (2025).

decedent's death.  E-mail messages between LINA and the decedent's employer and a beneficiary designation report confirmed that the plaintiff was listed as the beneficiary of the life insurance policy effective July 7, 2017, and that the designation was updated in the company's new benefits system in January 2019.  LINA further confirmed that, after a review of the policy in January 2022, neither defendant was entitled to any benefits because they were not listed as beneficiaries.  We agree with the judge that the evidence that the decedent did not make the beneficiary designation himself is speculative and conclusory.

To the extent the decedent's Google Maps search suggests a remote possibility that the plaintiff, rather than the decedent, updated the designation in 2019, such evidence does not negate the 2017 designation, nor does it tend to show that the plaintiff was acting without the decedent's consent, let alone with an intent to defraud.  Similarly, the Fidelity records showed that the plaintiff was added as the one hundred percent beneficiary on or about August 20, 2019, and no contingent beneficiaries were ever named.  The defendants' evidence of the decedent's Google account activity does not create a triable issue of fact on the defendants' claim of fraud with respect to the Fidelity accounts.

9

The defendants also allege that LINA's and Fidelity's failure to present evidence that their online security measures and electronic signature requirements complied with State and Federal requirements created a genuine issue of material fact as to whether the decedent could have made the beneficiary designations.  Like many of the defendants' arguments, this argument is being raised for the first time on appeal and is waived.  See Carey, 446 Mass. at 285.  Moreover, nothing in the record supports the defendants' claim that either company was out of compliance, and the burden was on the defendants, not LINA or Fidelity, to provide such proof.  See Kourouvacilis, 410 Mass. at 716.  And, in any event, the defendants agreed to dismiss both LINA and Fidelity as defendants from this case.

We agree with the judge that "there simply is insufficient credible evidence to support any material fact that would overcome the presumption that the decedent designated [the plaintiff] as the beneficiary of the proceeds from his life insurance policy and his retirement accounts."  Summary judgment for the plaintiff was proper.[4]

Judgment affirmed.

---

[4] The plaintiff seeks appellate attorney's fees on the ground that the defendants' arguments are frivolous.  We disagree and decline to award attorney's fees.

By the Court (Massing,
Englander & D'Angelo, JJ.[5]),

Clerk

Entered:  June 16, 2025.

---

[5] The panelists are listed in order of seniority.